**UNITED STATES of America,**
**Plaintiff,**

v.

**Thomas Edwin FAULKNER, Defendant.**

**No. 71-CR-29.**

United States District Court,
E. D. Wisconsin.

Sept. 29, 1971.

David J. Cannon, U. S. Atty., by Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Hayes, Peck, Perry & Gerlach, by Harry F. Peck, Jr., Milwaukee, Wis., for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant in this action is charged with a violation of 50 App. U. S.C. § 462 for his alleged failure to report for induction into the armed forces. Following arraignment, he filed several pretrial motions. In a joint pretrial report, counsel for the government and for the defendant since have stated that they have resolved all of the defendant's

motions except for a motion to suppress certain evidence and except for a portion of a motion for a bill of particulars. The latter motion will be ·considered first.

In the first paragraph of his motion for a bill of particulars, the defendant asks the government to:

> "State the specific *sections and subsections* of the Military Selective Service Act of 1967 [Title 50 Appendix, United States Code] and of the rules and regulations promulgated thereunder and the specific *directions* made pursuant thereto which the defendant is alleged to have violated."

The government states that it declines to furnish such information.

■■ Whether the court, in its discretion, may order a bill of particulars is not determined by the sufficiency of the indictment, for "the fact that an indictment * * * conforms to the simple form suggested in the rules is no answer or defense to a motion for a bill of particulars." United States v. Smith, 16 F.R.D. 372, 374 (W.D.Mo.1954). See also 1 Wright, Federal Practice and Procedure: Criminal § 129, at 282 (1969). However, a bill of particulars may not be used to obtain information which is essentially evidentiary in nature. United States v. Machi, 324 F.Supp. 153, 156 (E.D.Wis.1971).

■ Thus, while the form of an indictment may satisfy the requirements of Rule 7(c), Federal Rules of Criminal Procedure, it may be "insufficient to adequately inform the accused of the charge against him to enable him to properly prepare his defense and, at least, to avoid prejudicial surprise."

King v. United States, 402 F.2d 289, 292 (10th Cir. 1968). Section 462 of Title 50 App. is a lengthy statute appearing on three pages of the printed code. The defendant in the case at bar, in my opinion, is entitled to the information sought in the first paragraph of his motion for a bill of particulars. The government is asked only to provide "essential information upon which a charge is based." United States v. Leichtfuss, 331 F.Supp. 723, 738 (N.D.Ill.1971). The government is not asked to reveal that evidence which it plans to use in the prosecution of its case.

With regard to the defendant's motion to suppress, it appears that an evidentiary hearing may be necessary. Counsel for the government and for the defendant are directed to meet within the next ten days and to attempt to reach a stipulation on factual matters. Defendant's counsel is further directed to advise the court, in writing, within five days of their meeting of the nature of any factual matters which remain in dispute and to estimate the length of time which will be needed for an evidentiary hearing in the courtroom. Following the receipt of the above information, the court will set a date and time for such hearing.

Therefore, it is ordered that the first paragraph of the defendant's motion for a bill of particulars be and hereby is granted; it is further ordered that, with regard to the defendant's motion to suppress, counsel for the parties meet and report to the court in accordance with the foregoing decision.

It is also ordered that all of the defendant's other motions be and hereby are denied.