**UNITED STATES of America,**
**Plaintiff,**

**v.**

**David Lyle JEPSON, Defendant.**

**No. 71-CR-78.**

United States District Court,
E. D. Wisconsin.

Oct. 5, 1971.

David J. Cannon, U. S. Atty., by Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Curry First, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant in this action is charged with a violation of 50 U.S.C. App. § 462 as a result of his alleged failure to report for induction into the armed forces. He has filed a motion for discovery and inspection, pursuant to Rule 16, Federal Rules of Criminal Procedure, in which he seeks the production of an extensive list of documents and other materials.

The information sought by the defendant's motion is contained in 23 paragraphs. With respect to the paragraphs numbered 1, 2, and 3, the government has stated that it will tender only some of the requested items; the defendant has replied that, even though it modifies his requests, the government's response is satisfactory. As to the materials requested in paragraphs 5, 8, 9, 10, 15, 16, 17, 18, 19, 20, 21, and 23, the government has represented that such materials have been furnished to the defendant, will be furnished if they exist, or that the defendant has access to them; I deem the government's response as to these paragraphs to be adequate, and the defendant's motion as to them need not be granted.

■ I. The government states that it will furnish none of the materials requested in five of the defendant's paragraphs. Briefly summarized, these paragraphs seek the following:

(11) A copy of the book or compilation of documents known as the "Selective Service Form Manual" or copies of unpublished selective service forms operative after September 11, 1967, and not used solely for internal administrative purposes;

(12) Copies of policy statements or directives from the director of the selective service system pertaining to the classification or processing of registrants;

(13) Copies of policy statements or directives from the state director of selective service pertaining to the classification or processing of registrants, with particular attention to any statements on reopening of classifications, appeals, and hardship, fatherhood, or medical deferments;

(14) Copies of all special forms adopted for use pursuant to 32 C.F.R. § 1606.52, together with any directives from the state director as to their use.

(22) The FBI "Identification Record" "indicating the prior criminal record of prospective Government witnesses."

In United States v. Leichtfuss, 331 F. Supp. 723 (N.D.Ill.1971), the defendants sought the production of materials similar to those in paragraphs 11–14 of the present motion. *Leichtfuss* contains an extended discussion of discovery with reference to selective service cases and, at page 739, the court said:

"There are a number of sound reasons which support discovery of the above described regulatory materials. These manuals, directives, rules and bulletins may well contain mistaken interpretations of substantive or procedural laws which may void or taint the classification or processing of a registrant. They should therefore be available for inspection by a defendant and his counsel. Furthermore, rules and policies established by an

Administrative Agency are binding on the agency and must be followed by them. *E. g.*, United States *ex rel.* Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954); United States v. Heffner, 420 F.2d 809 (4th Cir. 1970). This principle applies to the Selective Service System. Olvera v. United States, 223 F.2d 880, 882 (5th Cir. 1955). Obviously a registrant cannot determine if the Selective Service System followed its own rules and policies in processing his induction unless he has an opportunity to know what those rules and policies are.

"There are still further reasons which support discovery of these materials. Examination may disclose that certain rules are not authorized by statute or regulation * * * or exceed authority delegated to the Service * * * or exceed the authority of the State agency issuing them. * * * Discovery of these directives may also disclose a discriminatory application of the rules as to certain registrants."

I believe that the above excerpt from *Leichtfuss* demonstrates the materiality and reasonableness of Mr. Jepson's requests contained in paragraphs 11–14; that materiality and reasonableness are a prerequisite for discovery under Rule 16(b) appears to be settled. 1 Wright, Federal Practice and Procedure: Criminal § 254, at 511 (1969). The defendant's requests are neither so sweeping as to amount to a "fishing expedition for evidence," nor so indefinite as to fail to give the government notice of what is required. United States v. Hughes, 413 F.2d 1244, 1254 (5th Cir. 1969), vacated and remanded as moot 397 U.S. 93, 90 S.Ct. 817, 25 L.Ed.2d 77 (1970); United States v. Crisona, 271 F.Supp. 150, 158 (S.D.N.Y.1967). The defendant's motion for the production of documents in paragraphs 11–14 will be granted.

In paragraph 22, as has been stated, the defendant seeks the disclosure of the prior criminal records of prospective government witnesses. The government urges that "the defendant is not entitled to * * * [such information] * * * on a pretrial discovery basis."

In some prior rulings of other courts, the disclosure of the criminal records of government witnesses has not been permitted upon a motion for discovery and inspection brought under Rule 16. See, e. g., Hemphill v. United States, 392 F. 2d 45 (8th Cir. 1968); United States v. Mahany, 305 F.Supp. 1205 (N.D.Ill. 1969). On the other hand, it has been observed that a defendant may be at a substantial disadvantage without such information, and, in the 1970 draft of proposed amendments to the Federal Rules of Criminal Procedure, Rule 16(a) (1) (vi) provides that, if the court orders the production of the names of government witnesses, the government also must disclose "any record of prior felony convictions of any such witness which is within the knowledge of the attorney for the government." 48 F.R.D. 553, 589 (1970). United States v. Leichtfuss, supra, 331 F.Supp. at page 732. See also 1 Wright, Federal Practice and Procedure: Criminal § 254, at 518 (1969).

■ It has been the practice of this court to order the production of the *names* of prospective government witnesses immediately before the trial. See United States v. Cullen, 305 F.Supp. 695, 699 (E.D.Wis.1969). In addition, in United States v. Faulkner, 53 F.R.D. 299, another selective service case pending before this court, a similar request was made for the criminal records of the government's prospective witnesses. In that case, the government replied that it would make such records available, as to persons whom it intends to call as witnesses at the trial, 24 hours prior to the commencement of the trial. In my opinion, if the government has in its possession the record of felony convictions of a prospective government witness, or has access thereto, the defendant is entitled

to receive a copy thereof under the terms which the government has approved in United States v. Faulkner.

■ II. The government has stated that it will furnish some, but not all, of the materials sought by the defendant in paragraphs 4, 6, and 7 of his motion. In paragraph 4, the defendant asks the government to produce documents and other information relating to specified meetings of the defendant's selective service board, in addition to "any other Local Board 77 meeting at which any action whatsoever was taken with regard to the defendant." The government declares that the defendant is not entitled to the "Minutes of Action for any Board meeting subsequent to the date of the violation charged in the indictment."

United States v. Leichtfuss, supra, points out that the defendant in a selective service action bears the burden of rebutting the presumption of regularity attendant upon administrative proceedings; his task is compounded by the fact that the records of such proceedings usually are in the custody of the government. Notwithstanding this fact, I am of the opinion that the defendant in the instant case may not have the minutes of those board meetings occurring after the date of the offense charged against him. In United States v. Ayres, 437 F. 2d 832, 834 (7th Cir. 1971), the court stated:

" * * * any procedural irregularity committed by the Board on December 27 when they failed to reopen Ayres' file has no bearing upon whether Ayres violated the criminal proscriptions of 50 U.S.C. App. § 462 one month earlier on November 8 when he failed to report for duty. Our position is not founded in any judicial preference to cut off late consideration of reopening requests, but rather from an acknowledgment of the fact that a criminal act of this type is not cured by a subsequent administrative error."

I am not persuaded that a sufficient showing of materiality to the preparation of Mr. Jepson's defense has been made; his motion with regard to his fourth paragraph will be denied.

■ In paragraphs 6 and 7 of his motion for discovery, the defendant asks for the following:

"6. [With respect to a letter from the assistant United States attorney to the FBI]. * * *

(i) Whether any investigation took place and any document, directive, internal memoranda, etc., or indicate that none exist, which is a result of any investigation;

(ii) The Federal Bureau of Investigation individuals conducting the investigation, what individuals were contacted by the Federal Bureau of Investigation and the date and place of such contacts.

"7. With respect to the letter * * * received by the Local Board on November 16, 1970 from the defendant. which indicates the defendant was contacted by the Federal Bureau of Investigation. * * *

(i) The name(s) of the Federal Bureau of Investigation agent(s) who contacted the defendant indicating the date and place of the contact;

(ii) Any document, directive, internal memorandum, etc., or indicate that none exist which resulted from the Federal Bureau of Investigation meeting and contacting the defendant."

The government argues that the defendant is not entitled to pretrial discovery of statements of government witnesses and third parties under Rule 16(b), except as provided in 18 U.S.C. § 3500.

■ This court may, of course, order the production of statements or confessions of the defendant, pursuant to Rule 16(a); the government's response indi-

cates that it will provide such materials, if they exist. In addition, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), requires the production of evidence favorable to the accused and, "in the absence of contradiction, the court may assume that if the government has such information, it will furnish it to the defendant in sufficient time to be of use to him at his trial." United States v. Cullen, supra, 305 F. Supp. at 700.

On the other hand, Rule 16(b) expressly provides that it

"* * * does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by government agents in connection with the investigation or prosecution of the case, or of statements made by government witnesses or prospective government witnesses (other than the defendant) to agents of the government except as provided in 18 U.S.C. § 3500."

Thus, except as his requests are proper under Rule 16(a), *Brady*, and § 3500, the defendant is not entitled to the information which he seeks in paragraphs 6 and 7. Furthermore, § 3500 does not appear to require the production, at any time, of the statements of persons not prospective witnesses for the government, and the production of such statements, if they exist, will not be ordered. Cf. Wright, Recent Changes in the Federal Rules of Procedure, 42 F.R.D. 552, 569 (1966).

The final pretrial order in criminal cases used by this court requires that the government provide the defendant with any materials authorized by 18 U. S.C. § 3500 "24 hours before calling the witness who gave such statement to the witness stand." In effect, then, the denial of the defendant's motion with respect to paragraphs 6 and 7 means that the statements detailed in § 3500 need not be furnished *at this time*. United States v. Cullen, supra, 305 F.Supp. at 699.

Therefore, it is ordered that, with respect to paragraphs 11–14 of the defendant's motion, such motion be and hereby is granted; it is also ordered, with respect to paragraph 22, such motion be and hereby is granted as limited in this decision; it is further ordered that, with respect to all the remaining paragraphs of the defendant's motion, such motion be and hereby is denied.