**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Thomas James HAND, III, Defendant-
Appellant.**

No. 72–2277.

United States Court of Appeals,
Fifth Circuit.

Jan. 3, 1973.

Oliver J. Latour, Jr., Mobile, Ala., for defendant-appellant.

C. S. White-Spunner, Jr., U. S. Atty., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

■ In this appeal from conviction on count two of a three count indictment under 18 U.S.C.A. § 1343 for fraud by interstate telephone we find no reversible error as charged in (i) the court's handling of count three on which a judgment of acquittal was ordered during the Government's case, (ii) restrictions on cross-examination of the principal Government witness and (iii) admission of testimony for impeachment using questions which were prompted by Appellant's deposition in an earlier related civil suit.

■ With respect to Defendant's allegation (iv), the charge that an unqualified juror was permitted to serve, the record leaves us in a state of complete uncertainty largely because the trial court declined to permit, or make, a factual inquiry into the allegation. Consequently, we remand to the District Court so that an appropriate factual inquiry will be made as to whether the juror at the time he sat was able to read, write and understand the English language as required by 28 U.S.C.A. § 1861 (2).[1]

---

I. 28 U.S.C.A. § 1861:

Any citizen of the United States who has attained the age of twenty-one years and who has resided for a period of one year within the judicial district, is competent to serve as a grand or petit juror unless—

the trial court finds in the affirmative, the conviction stands affirmed.[2] the trial court finds in the negative, then in the exercise of our supervisory power, *see* Rabinowitz v. United States, 5 Cir., 1966, 366 F.2d 34, 54, 55, 60 (*en banc*) we direct that the conviction be reversed for a new trial.

Remanded with directions.

(1) He has been convicted in a State or Federal court of record of a crime punishable by imprisonment for more than one year and his civil rights have not been restored by pardon or amnesty.

(2) He is unable to read, write, speak, and understand the English language.

(3) He is incapable, by reason of mental or physical infirmities to render efficient jury service.

2. To avoid any question of appealability or denial of an appeal, an affirmative finding, if made by the trial court, will be open to review by this panel on supplemental briefs as a part of the instant, appeal, No. 72–2277. Cf., United States v. Blair, 5 Cir., 1972, 470 F.2d 331.