**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Thomas James HAND, III, Defendant-
Appellant.**

**No. 73–3395.**

United States Court of Appeals,
Fifth Circuit.

June 27, 1974.

Rehearing Denied Aug. 2, 1974.

Oliver J. Latour, Jr., James W. Tarlton, III, Mobile, Ala., for defendant-appellant.

Charles White-Spunner, U. S. Atty., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before BELL, SIMPSON and INGRAHAM, Circuit Judges.

PER CURIAM:

Appellant, Thomas James Hand, III, was convicted by a jury of violating 18 U.S.C. § 1343.[1] We affirm.

In United States v. Hand, 472 F.2d 162, 163 (5th Cir., 1973), this court remanded a similar conviction to determine whether it had been obtained by a trial in which an unqualified juror had participated.[2] After conducting the necessary factual hearing, the lower court decided that an unqualified juror had participated in the earlier trial. The district court apparently dismissed the indictment on which that conviction was based because Hand was subsequently reindicted in three counts for violations of § 1343. Count One of the present (new) indictment contained the same allegations on which Hand had been acquitted in his first trial. This count was dismissed prior to the beginning of the trial presently on appeal. Count Two of the present indictment is the same as Count Two of the first indictment, the count on which Hand's first conviction was founded. Hand has thus been found guilty by two different juries under this count. Finally, Count Three of the present indictment con-

1. "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined not more than $1,000 or imprisoned not more than five years, or both."

2. We stated:

"[W]e remand to the District Court so that an appropriate factual inquiry will be made as to whether the juror at the time he sat was able to read, write and understand the English language as required by 28 U.S. C.A. § 1861(a).

"If the trial court finds in the affirmative, the conviction stands affirmed. If the trial court finds in the negative, then in the exercise of our supervisory power, see Rabinowitz v. United States, 5 Cir., 1966, 366 F.2d 34, 54, 55, 60 (en banc) we direct that the conviction be reversed for a new trial."

tained allegations not covered in the previous trial, but the jury acquitted Hand under this count.

 We have examined the record made in the present trial and conclude that the evidence is sufficient to sustain the conviction. The trial court carefully and thoroughly instructed the jury concerning the elements of the crime and viewing the evidence in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1964), the jury had an adequate evidentiary foundation on which to base its verdict.

Finding appellant's remaining contentions without merit, we affirm the judgment.