UNITED STATES of America,
Plaintiff-Appellant,

v.

Wilfred KING and Robert L. Price,
Defendants-Appellees.

No. 78–1818.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 3, 1979.

Decided Feb. 23, 1979.

Daniel E. Reidy, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellant.

Carl P. Clavelli, Chicago, Ill., for defendants-appellees.

Before FAIRCHILD, Chief Judge, SWYGERT, Circuit Judge, and EAST, Senior District Judge.[1]

SWYGERT, Circuit Judge.

This appeal presents the issue of whether prejudice to a defendant may be presumed when the Government unduly delays the bringing of a criminal charge. The United States appeals from an order of the district court dismissing the indictment against defendants Wilfred King and Robert L. Price. The district court determined that the Government's delay in seeking an indictment after the completion of the alleged offense cost defendants the testimony of a key witness and thus so prejudiced their case as to violate the Due Process Clause of the Fifth Amendment. This determination was made on the basis of affidavits submitted by defendants and memoranda submitted by both sides. After reviewing the record and briefs, and after hearing oral argument, we are unable to state that the record before the district court itself placed the claimed prejudice sufficiently beyond the realm of speculation so as to call into play the due process calculus. *See Arnold v. McCarthy,* 566 F.2d 1377, 1383–84 n.1 (9th Cir. 1978). Accordingly, we vacate the order dismissing the indictment and remand the case to the district court for a hearing.

I

Certain facts are apparent from the record in its present state. The indictment alleges that between May 1971 and September 1972, defendants King and Price and Walter Wilson conspired to extort and did extort money from John Mosele and the Glenview Sewer and Water Company. King and Price were trustees of the South Palos Township Sanitary District and Wilson was the district's engineer. The indictment was filed on June 21, 1977, charging a violation of the Hobbs Act, 18 U.S.C. § 1951. King and Price were also charged with making false statements before the grand jury investigating the conspiracy in violation of 18 U.S.C. § 1623.

On August 30, 1978 Wilson moved to dismiss the charges against him because he had become incompetent to stand trial. It was alleged that Wilson had been examined for neurological problems on a number of occasions since April 1974, and that by July of 1977 he had sustained organic brain damage rendering him incompetent. Having confirmed Wilson's condition through an examination conducted by its own expert, the Government moved to dismiss the indictment against him on January 3, 1978, which motion was granted.

On January 11, 1978 defendants King and Price moved to dismiss the indictment against them as well. They alleged that the undue delay occurring between their grand jury appearance in January 1974 and the indictment handed down in June 1977 deprived them of the testimony of Wilson, whom they alleged to be a material and essential witness, in violation of their constitutional rights to due process of law. This motion was accompanied by affidavits from King and Price which indicated what some of Wilson's testimony would have been. The statements in these affidavits were based on a polygraph report from a test administered to Wilson in February 1974, which report was furnished to defendants by the Government. The affidavit of Price was also allegedly based on conversations between Price and Wilson.

The Government opposed the motion to dismiss, and both sides filed supporting memoranda. The district court ruled on the motion to dismiss without holding a hearing. The court analyzed the defendants' claim of prejudice by stating that, without the aid of Wilson's testimony, "the court cannot afford to speculate that the position of the defendants that the witness would be valuable is in error." The memorandum

1. The Honorable William G. East, United States Senior District Judge for the District of Oregon, sitting by designation.

opinion also stated that "[i]n addition, the court must presume that, for some substantial number of months after January of 1974, when the government's investigation was substantially completed, the testimony of the mentally deteriorating Walter Wilson was still competent and could have been preserved. . . ." The court found the "brief explanation" offered by the Government for the delay to be inadequate and granted the motion to dismiss. The Government then moved the court to reconsider, requesting a hearing and offering to stipulate to parts of Wilson's presumed testimony. The district court denied reconsideration, and the Government brought this appeal.

## II

In *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), the Supreme Court refused to extend the coverage of the Sixth Amendment's speedy trial provision to the period prior to arrest. The Court distinguished between possible and actual prejudice, noting that the former is adequately guarded against by the existence of statutes of limitations. *Id.* at 321–23, 92 S.Ct. 455. If actual prejudice is shown, however, the statute of limitations does not fully define a defendant's rights, and the Due Process Clause may come into play. *Id.* 404 U.S. at 324, 92 S.Ct. 455. *See also Arnold v. McCarthy,* 566 F.2d 1377, 1383–84 n.1 (9th Cir. 1978) ("The due process calculus is not even brought into play until actual prejudice is shown.").

The Court in *Marion* intimated that actual prejudice would have to be coupled with some sort of unnecessary delay before a due process violation might arise.[2] This was confirmed by the Court in *United States v. Lovasco,* 431 U.S. 783, 97 S.Ct. 2044, 52

L.Ed.2d 752 (1977), in which it noted that proof of actual prejudice only makes a due process claim concrete and ripe for adjudication and does not make it automatically valid. *Id.* at 789, 97 S.Ct. 2044. "Thus *Marion* makes clear that proof of prejudice is generally a necessary but not sufficient element of a due process claim, and that the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused." *Id.* at 790, 97 S.Ct. at 2049.

■ On the basis of the record before us, we are unable to say that defendants have sufficiently proven actual as opposed to possible or presumed prejudice. The district court's memorandum opinion offers nothing to alter this view and in fact confirms it. It is apparent that the district court presumed that the defendants suffered actual prejudice as a result of the delay. This is most obvious in its statement that the court "must presume" that Wilson remained competent for a time after the delay became unnecessary. Since the record is unclear on this point, as it also is on the question of the exculpatory value of Wilson's supposed testimony, the district court should have held an evidentiary hearing instead of giving effect to presumptions. *See United States v. Revada,* 574 F.2d 1047 (10th Cir. 1978). Because *Marion* and *Lovasco* require that actual prejudice resulting from the delay be proven by the defendants and not presumed, the order dismissing the indictment is vacated and the cause is remanded to the district court for a hearing in accord with this opinion.

## III

■ If, on remand, it is determined that the defendants have suffered actual prejudice as a result of the pre-indictment delay, the reasons for the delay will have to be

---

2.  [W]e need not, and could not now, determine when and in what circumstances actual prejudice resulting from pre-accusation delays requires the dismissal of the prosecution. Actual prejudice to the defense of a criminal case may result from the shortest and most necessary delay; and no one suggests that every delay-caused detriment to a defendant's case should abort a criminal

prosecution. To accommodate the sound administration of justice to the rights of the defendant to a fair trial will necessarily involve a delicate judgment based on the circumstances of each case. It would be unwise at this juncture to attempt to forecast our decision in such cases.

404 U.S. at 324–25, 92 S.Ct. at 465 (footnotes omitted).

considered by the district court. *Lovasco, supra,* 431 U.S. at 790, 97 S.Ct. 2044. Although the Supreme Court in *Marion* indicated that a "delicate judgment" would be required "[t]o accommodate the sound administration of justice to the rights of the defendant to a fair trial," *Marion, supra,* 404 U.S. at 325, 92 S.Ct. at 466, it left that judgment to the circumstances of each case. *Id.* In *Lovasco,* the Court decided "that to prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time." 431 U.S. at 796, 97 S.Ct. at 2052. It reiterated, however, its statement in *Marion* that it would not attempt to determine in the abstract which set of pre-indictment circumstances would require dismissal and left to the lower courts the application of the due process principles it had announced. *Id.* at 796–97, 97 S.Ct. 2044.

■ Two of the questions left unanswered are (1) given actual prejudice resulting from the delay, what sort of purpose or reason behind the delay must be shown to give rise to a due process violation, and (2) who bears the burden of proof on this issue. Some courts have seemed to require the defendant to prove that issuance of the indictment was purposefully delayed in an attempt by the Government to gain a tactical advantage over the defendant. *See, e. g., United States v. Francisco,* 575 F.2d 815, 817 (10th Cir. 1978) ("It is our view that [*Marion* and *Lovasco*] do not permit us to second-guess the timing of the Government's indictment in the absence of proof by an accused of both actual prejudice to his case and an ulterior motive by the prosecution for such delay.") Others have read *Lovasco* as only requiring the defendant to prove actual prejudice, after which showing it is up to the court to balance the reasons asserted by the Government against the prejudice asserted by the defendant. *See, e. g., United States v. Brand,* 556 F.2d 1312,

1317 n.7 (5th Cir. 1977), *cert. denied,* 434 U.S. 1063, 98 S.Ct. 1237, 55 L.Ed.2d 763 (1978). We believe that the latter view is the better one and most closely follows the balancing analysis employed by the Supreme Court in *Lovasco.*

■ In order for the court to weigh the competing interests correctly, it is necessary for it to be fully apprised of the reasons asserted by the Government as necessitating the pre-indictment delay. These reasons can best be put forward by the Government. Accordingly, once the defendant has proven (1) actual prejudice (2) resulting from the delay, the burden shifts to the Government to show why the delay was necessary.[3] *See United States v. Stewart,* 426 F.Supp. 58, 60 (E.D.Mich.1976). The district court should follow this procedure on remand.

The dismissal order is vacated and the cause is remanded for further proceedings.

---

**3.** Inherent in the adoption of a balancing process is the notion that particular reasons are to be weighed against the particular prejudice suffered on a case-by-case basis. Thus we are in no better position than was the Supreme Court in *Marion* and *Lovasco* to rule in the abstract as to the adequacy of a given justification. *See Lovasco, supra,* 431 U.S. at 796–97, 97 S.Ct. 2044.