**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Raymond AUSTIN and James R. Garton, Defendants-Appellants.**

**No. 79 CR 166.**

United States District Court, N. D. Illinois, E. D.

July 10, 1980.

Thomas P. Sullivan, U. S. Atty. by Douglas J. Miller and James R. Streicker, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

Robert Handley, Cunningham & Wood, Aurora, Ill., for defendant-appellant Austin.

Phillip S. Wood, Cunningham & Wood, Aurora, Ill., for defendant-appellant Garton.

## OPINION AND ORDER

BUA, District Judge.

The defendants-appellants herein, Raymond Austin and James R. Garton, former employees of the Wheaton, Illinois Postal Service Facility [the Wheaton Post Office], seek in the present matter to have set aside the finding of Magistrate Carl B. Sussman

that they were guilty beyond a reasonable doubt of retardation of the mails, in violation of 18 U.S.C. § 1701. Their trial having been held before a Magistrate, jurisdiction over the defendants' appeal lies in this court pursuant to 18 U.S.C. § 3402.

In arguing that their convictions must be overturned, defendants-appellants Austin and Garton first contend that their allegedly wrongful conduct, because it did not result in an actual delay in the delivery of the parcels in question to their respective addressees, cannot be considered violative of 18 U.S.C. § 1701. Essentially, citing *United States v. Costello*, 255 F.2d 876, 881 (2d Cir. 1958) as authority, they take the position that minor delays in the passage of the mails, even if wrongfully caused, do not constitute retardation, as that term is used in the statute.

■ This court cannot accept the defendants-appellants' construction of § 1701. While it is true that, in certain instances, conduct resulting in very minor delays in the transmission of mail has been held not to be violative of § 1701, *see Lustiger v. United States*, 386 F.2d 132, 139 (9th Cir. 1967); *United States v. Beckley*, 335 F.2d 86, 89–90 (6th Cir. 1964); *United States v. Costello, supra* at 881, it also was clear in those cases that proper considerations were present to warrant limited delay of the passage of the subject mail. When these considerations were balanced against the § 1701 objective of insuring the free flow of mail, because the delays at issue were not substantial no statutory violations were found to lie. As a general rule, however, this court believes that any obstruction of the mails, no matter how minor, if done wilfully and with improper motives, can constitute retardation, and therefore be a

violation of 18 U.S.C. § 1701. To conclude otherwise would serve only to frustrate the legitimate objectives of the statute. That being so, absent the presence of outside motivations warranting the obstructions at issue (not a factor in the instant matter), this court does not believe that the duration of the delay is relevant to whether a § 1701 violation has occurred.

The defendants-appellants next argue that Magistrate Sussman erred in refusing to grant their pretrial motion for dismissal of the Information for reasons of pre-indictment delay.[1] Their contentions in this regard, however, also are without merit.

■ Before a criminal defendant can sustain his contention that an otherwise timely Information must be dismissed for reasons of pre-indictment delay, he first must demonstrate, in a concrete fashion, that he has suffered actual prejudice as a consequence of the delay in question. *United States v. King*, 593 F.2d 269, 271 (7th Cir. 1979). This the present defendants-appellants have not done. In arguing that they were so prejudiced, defendants Austin and Garton point to the fact that one Jack Dennison, a fellow employee at the Wheaton Post Office, died prior to the filing of the instant Information. The defendants-appellants, however, although contending generally that such would have been true, have not shown that Mr. Dennison's expected testimony would have been important to their defense. To the contrary, from the evidence presented at the pretrial hearing on the defendants' motion to dismiss, it appears that much of what Mr. Dennison could have testified to would have been either cumulative in nature or of limited relevance.[2] The defendants-appellants' ar-

---

1. The Information charging the defendants-appellants with the 18 U.S.C. § 1701 violations at issue was filed approximately sixteen months after the wrongful conduct complained of is alleged to have taken place.

2. The expected testimony of Jack Dennison would have been in relation to the practices and procedures normally followed by the defendants-appellants when working as parcel post handlers. While such testimony could, in

theory, have been supportive of Austin and Garton's contention that their wrongful actions were not willful, this premise is diminished considerably by the fact that testimony regarding the applicable Wheaton Post Office regulations and procedures was provided at trial by Duane Faber, the defendants-appellants' supervisor, and James William, the Regional Coordinator for the American Postal Workers Union. The limited significance and relevancy of Mr. Dennison's potential testimony also becomes

gument regarding the significance of Mr. Dennison's potential testimony, moreover, is further weakened by their inability to establish that he was working at the Wheaton Post Office on the nights when Austin and Garton are alleged to have committed the wrongful acts described in the Information.

■ From the above, it is apparent that defendants-appellants Austin and Garton were not sufficiently prejudiced by the pre-indictment delay under discussion to warrant dismissal of the Information. *See United States v. Edwards,* 577 F.2d 883, 890–91 (5th Cir. 1978); *United States v. Lee,* 413 F.2d 910, 913–14 (7th Cir. 1969); *United States v. Moore,* 378 F.Supp. 990, 991 (E.D.Pa.1974). Magistrate Sussman's denial of their motion to dismiss, therefore, cannot properly be considered error.[3]

■ The defendants-appellants also argue that their convictions must be set aside because Magistrate Sussman improperly denied them certain pretrial discovery. Specifically, they contend that the Magistrate

erred when denying their Requests for Production dealing with the personnel folders of those postal employees the government intended to call as witnesses, and for those Postal Service and Wheaton Post Office regulations, bulletins and internal guidelines pertaining or applicable to the parcel post handling functions performed by the defendants.[4]

■ It is the defendants-appellants' position that the materials in question are discoverable both under the Federal Rules of Criminal Procedure[5] and pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). With respect to the personnel files of those postal employees who actually testified as government witnesses at trial, the court agrees with the defendants-appellants that this material was, at least in part, properly discoverable. As it is reasonable to assume that information contained in said folders might prove useful to the defendants-appellants for impeachment purposes, under *Brady* such information is discoverable, and

---

apparent when it is remembered (a) that the wrongful acts of the defendants-appellants were recorded on videotape by Government Postal Inspectors, and that defendant Garton testified at trial that said videotapes fairly and accurately depicted the procedures he followed when handling parcel post on the evenings of November 4 and 5, 1977—the dates he is alleged to have acted in the manner violative of 18 U.S.C. § 1701; and (b) that it could not be established that Mr. Dennison was physically present in the Wheaton Post Office on the evenings in question.

3. In support of their motion to dismiss the Information, the defendants-appellants additionally argue that the sixteen month pre-indictment delay violated their Sixth Amendment right to a speedy trial. This contention, however, also lacks merit, for it is well settled that the Sixth Amendment speedy trial protections become relevant only after an individual has been arrested. Accordingly, it is post-arrest—not pre-indictment—delays which are of concern when Sixth Amendment violations are alleged. *United States v. Lovasco,* 431 U.S. 783, 788–89, 97 S.Ct. 2044, 2047–48, 52 L.Ed.2d 752 (1977); *United States v. Marion,* 404 U.S. 307, 320–21, 92 S.Ct. 455, 463, 30 L.Ed.2d 468 (1971); *United States v. King,* 593 F.2d 269, 271 (7th Cir. 1979); *see United States v. Berkwitt,* 619 F.2d 649 (7th Cir. 1980). In the present matter, it is not contended that the interim between the time of the defendants-ap-

pellants' arrest and the time of their trial was unreasonably long.

4. The defendants-appellants' contention that Magistrate Sussman erred in denying their pretrial request to have the government establish its "chain of custody" with respect to the videotapes presented at trial has, in this court's opinion, been effectively mooted by defendant Garton's admission, at trial, that said videotapes fairly and accurately depicted his actions on the evenings of November 4 and 5, 1977.

5. Arguing in support of the Magistrate's ruling, the government takes the position that, because violations of 18 U.S.C. § 1701 are classified as petty offenses, the discovery provisions of the Federal Rules of Criminal Procedure cannot be considered applicable. Violations of § 1701, however, can be punished by a term of imprisonment. As that is so, it is the opinion of this court that such violations cannot, for discovery purposes, properly be treated as petty offenses unless it is first ascertained that, if convicted, no term of imprisonment will be imposed upon the defendant. *See* Rule 1(c), Rules of Procedure for the Trial of Misdemeanors Before United States Magistrates, and the Advisory Committee Note thereto (effective June 1, 1980). Accordingly, because no such pretrial determination has been made in the present matter, the government's argument in this respect must fail.

accordingly should have been ordered produced. *Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972); *United States v. Deutsch*, 475 F.2d 55, 57 (5th Cir. 1973). Magistrate Sussman's denial of this Production Request of Austin and Garton, therefore, to the extent that it related to any *Brady* impeachment material contained in the personnel files of those postal employees who testified for the government at trial, was erroneous.

■ The Magistrate's denial of the defendants-appellants' Request for Production of those Postal Service and Wheaton Post Office regulations, bulletins and internal guidelines bearing on the parcel post handling functions they performed also appears to have been erroneous. That said regulations, bulletins and guidelines were relevant to the proceedings under discussion clearly cannot be questioned. Indeed, the principal defense raised by Austin and Garton at trial was that their actions, rather than being willfully wrongful, actually represented good faith compliance with the regulations, etc. applicable to the job they were performing.[6] As that is so, because these materials were otherwise discoverable, *see United States v. Leichtfuss*, 331 F.Supp. 723, 738–41 (N.D.Ill.1971); *United States v. Jepson*, 53 F.R.D. 289, 290–91 (E.D.Wis. 1971); *United States v. Faulkner*, 53 F.R.D. 299, 300 (E.D.Wis.1971), this court believes that production of them should have been ordered.

■ This court's finding that the defendants-appellants were erroneously denied the discovery under discussion, however, does not necessarily require that their convictions be set aside. To the contrary, before reversal can be considered warranted, a determination first must be made as to whether defendants Austin and Garton were, as a consequence of the erroneous discovery rulings, in fact deprived of something material to their defense. *See Giglio*

*v. United States, supra* 405 U.S. at 154, 92 S.Ct. at 766. As that is so, because such a determination cannot be made from the materials presently before this court, the following is directed:

The present matter is ordered remanded to Magistrate Sussman. Upon remand, those materials this court believes should have been produced will be produced by the government for review by the Magistrate. If after reviewing said documents Magistrate Sussman believes that they contain information which, if made available to the defendants, would have proved material to the development of Austin and Garton's defense, he is to vacate the defendants-appellants' convictions and order a new trial. If, however, after performing his review the Magistrate finds that defendants Austin and Garton were not impermissibly prejudiced by the earlier erroneous rulings, the defendants-appellants' convictions will stand as affirmed.[7] *See United States v. Deutsch, supra* at 58; *United States v. Hand*, 472 F.2d 162, 162–63 (5th Cir. 1973).

IT IS SO ORDERED.

---

6. Although no documents were introduced into evidence, testimony regarding the applicability and construction of certain of the regulations and guidelines under discussion also was presented by the government at trial.

7. As the instant matter has been remanded for further consideration by Magistrate Sussman, consideration will not be given by this court to the defendants-appellants' remaining contention—that the evidence presented at trial cannot properly be viewed as sufficient to sustain their convictions.