**UNITED STATES of America, Appellee,**

v.

**UPSHAW, Allen, Appellant.**

**No. 89–5600.**

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit Rule 12(6)
on Jan. 17, 1990.

Decided Jan. 31, 1990.

Rehearing Denied Feb. 22, 1990.

Lawrence S. Lustberg, Asst. Federal Public Defender, Office of Federal Public Defender, Newark, N.J., for appellant.

Samuel A. Alito, Jr., U.S. Atty., Glenn J. Moramarco, Asst. U.S. Atty., and Edna Ball Axelrod, Chief, Appeals Div. U.S. Attorney's Office, Newark, N.J., for appellee.

Before BECKER, GREENBERG and NYGAARD, Circuit Judges.

OPINION OF THE COURT

GREENBERG, Circuit Judge.

Allen Upshaw was convicted by a magistrate, exercising jurisdiction pursuant to 18 U.S.C. § 3401(a), of obstruction of the mails in violation of 18 U.S.C. § 1701. He appealed pursuant to 18 U.S.C. § 3402 but the district court affirmed his conviction in an opinion and order dated July 7, 1989. An appeal to this court followed.

The facts developed at trial are as follows. Upshaw was employed as a postal truck driver by the United States Post Office at its Edison, New Jersey, facility where his assignment was to shuttle mail between Edison and either the Menlo Park or Nixon interstations. On December 17, 1987, postal officials, suspecting Upshaw was responsible for a number of recent losses of unregistered packages, placed a "test parcel", containing a radio transmitter enabling the package to be electronically tracked, on the Menlo Park "skid" in the belief that Upshaw would be assigned to the Menlo Park route that day. Upshaw, however, was assigned the Nixon route on that day.

The test parcel was addressed to a fictitious person, whose name had been crossed out, but had a return address label of Littman Jewelers in the Menlo Park Mall. The parcel was marked "return to sender" with a finger pointing to the address of Littman Jewelers. Notwithstanding Upshaw's assignment, he picked the test parcel off the skid, continued to his truck, and placed the parcel in a white mail bucket which was quickly filled with letters, covering the parcel. This white bucket remained in Upshaw's truck as he made numerous mail deliveries between Edison and Nixon.

Upshaw signed out of work at 4:45 p.m. on the afternoon of December 17, and then reentered his postal vehicle, in violation of post office procedure, holding a brown paper bag. Upshaw then left the post office holding the bag and entered his car. Postal Inspector Hangarter followed Upshaw in an unmarked vehicle, receiving a strong transmittal signal indicating that Upshaw had the test parcel. Hangarter followed Upshaw to the parking lot of a nearby office building at which Upshaw stopped. Hangarter then showed Upshaw his badge, and informed him that he was under arrest. Upshaw, however, put his car in reverse and drove off the lot leaving Hangarter, who was unable to follow him, behind.

Approximately one hour later, Upshaw returned to the Edison post office where he was interviewed, in the presence of a union shop steward, by postal inspectors. Upshaw informed the inspectors that the box for which they were looking was in a brown paper bag, and that he could take them to it. Thereupon Upshaw led the inspectors through a Foodtown warehouse, and then to a gully, at which point he ran off and escaped the pursuing inspectors. About one hour later Upshaw reappeared at the Edison post office and was again questioned by the postal authorities in the presence of the shop steward. Although Upshaw denied having removed the parcel he asked what would happen if it re-appeared in the mail stream.

Despite a search by postal authorities, the parcel was not found in the area of the Foodtown warehouse. It did, however, arrive at the Kilmer general mail facility on December 18, 1987, as reflected by a Kilmer date-stamp imprinted on the parcel, and was received at Menlo Park the following day.

 This appeal raises questions regarding the application of 18 U.S.C. § 1701 which reads:

[w]hoever knowingly and willfully obstructs or retards the passage of the mail, or any carrier or conveyance carrying the mail, shall be fined no more than $100 or imprisoned not more than six months, or both.

There are three elements comprising a violation of § 1701: (1) willfully and knowingly; (2) obstructing or retarding; and (3) the passage of the mail. *See United States v. Schankowski*, 782 F.2d 628, 631 (6th Cir. 1986). Upshaw concedes that two of the three elements, that he had requisite intent and knowledge and that his alleged actions affected the passage of the mail, have been satisfied. His appeal is thus founded on the question of what constitutes "obstructing or retarding" for the purposes of the statute.[1]

Upshaw argues that the majority of the courts addressing this question have held that a substantial delay of the mail is required. He cites in this regard, *Lustiger v. United States*, 386 F.2d 132, 139 (9th Cir. 1967), *cert. denied*, 390 U.S. 951, 88 S.Ct. 1042, 19 L.Ed.2d 1142 (1968); *Cohen v. United States*, 378 F.2d 751, 759 (9th Cir.), *cert. denied*, 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967); *Canaday v. United States*, 354 F.2d 849, 856 (8th Cir.1966); and *United States v. Costello*, 255 F.2d 876, 881 (2d Cir.1958). According to Upshaw, the evidence at his trial did not establish that his conduct caused a substantial delay in the mails, and thus the government failed to establish that he had violated the statute. The district court rejected this argument and, as we agree, we affirm Upshaw's conviction.

In the cases cited by Upshaw the courts did not find unlawful obstruction of the mail where there had been either no measurable delay or only an insubstantial delay of the mail as the result of an authorized "mail cover" or "mail watch." *See Lustiger v. United States*, 386 F.2d at 139 (a

---

**1.** There is some question as to our standard of review in this case. Usually on an appeal from a criminal conviction our standard is whether the record, when viewed in the light most favorable to the government, contains substantial evidence to support the determination of guilt. *See United States v. Furst*, 886 F.2d 558, 565 (3d Cir.1989). Yet Upshaw's arguments are essen-

tially legal in nature, involving a matter of statutory construction, suggesting plenary review. *See United States v. Williams*, 850 F.2d 142, 143 n. 2 (3d Cir.1988). Our result, however, is not dependent on which standard we follow as even exercising plenary review on all issues we would affirm the conviction.

"mail watch" which does not result in a substantial delay in the delivery of the mail is not a violation of 18 U.S.C. § 1703); *Cohen v. United States,* 378 F.2d at 760 (a "mail cover" of the type before the court, did not violate 18 U.S.C. §§ 1701–1703); *Canaday v. United States,* 354 F.2d at 856 (where there is no delay as the result of an authorized mail cover, evidence derived from the cover was not unlawfully obtained); *United States v. Costello,* 255 F.2d at 881 (a delay of mail for one delivery as the result of a "mail watch" did not violate § 1701). *See also, United States v. Beckley,* 335 F.2d 86, 90 (6th Cir.1964), *cert. denied,* 380 U.S. 922, 85 S.Ct. 921, 13 L.Ed.2d 807 (1965) (a delay in the mail caused by a lawful seizure of mail does not violate § 1701).[2]

The courts have, however, come to a different result when considering a delay in the mail resulting from the unauthorized conduct of an individual as, in such cases, all that has been required is a measurable delay in the mail. Thus, in *United States v. Johnson,* 620 F.2d 413 (4th Cir.1980), the court held that a defendant, to whom a postcard had been delivered in error and who intentionally retained it for photocopying resulting in a one day delay in delivery to the addressee, violated § 1701. The court indicated that the defendant "had no right to intentionally or deliberately obstruct or delay [mail] delivery, however slight, to the correct addressee." 620 F.2d at 415. Thus, as the delay in returning the postcard was neither inadvertent or merely negligent but was intentional, a conviction for violation of § 1701 was affirmed. In *United States v. Austin,* 492 F.Supp. 502, 504 (N.D.Ill.1980), the district court on an appeal from convictions before a magistrate rejected an argument that minor delays in the mail, even if wrongfully caused, do not constitute retardation for purposes of § 1701. Thus, the court held that while the reason for a delay could be balanced against the objective of § 1701, to preclude obstruction or retarding the mail, provided the delay was attributable to a legitimate motivation, there would be no balancing if the mail was delayed for improper reasons.

This distinction, based on whether the cause of the delay was authorized law enforcement activity on the one hand, or the unauthorized action of a private individual on the other, finds support in Supreme Court precedent. In *United States v. Kirby,* 74 U.S. (7 Wall.) 482, 19 L.Ed. 278 (1869), the Court held that a sheriff who was executing a warrant for the arrest for murder of a mail carrier did not unlawfully obstruct the mail as the public inconvenience which might follow from the temporary delay in the transmission of the mail when a carrier is arrested was less than that which would arise from extending an immunity from arrest to him.[3]

On the basis of the foregoing authorities, we conclude that if there is a willful obstruction of the passage of the mail for some illegitimate reason there is a violation of § 1701 if the delay was measurable. Here, as the delay clearly was measurable, the order of July 7, 1989, will be affirmed.

---

**2.** The cases cited by Upshaw all arose in the context of a defendant's motion to suppress evidence obtained by the government. Nevertheless if the construction of § 1701 in that situation was helpful to him it would be entirely appropriate for him to rely on the cases in his very different situation.

**3.** In *United States v. Kirby* an earlier obstruction statute was involved.