UNITED STATES, Appellant,

v.

Terry L. REEVES, 289–54–8235, Boiler Technician Fireman Recruit (E–1), U.S. Navy, Appellee.

NMCM No. 920411 M.

U.S. Navy–Marine Corps Court of Military Review.

21 May 1992.

LCDR J. Richard Chema, JAGC, USN, Appellate Government Counsel.

Maj Richard T. McNeil, USMC, Appellate Defense Counsel.

PER CURIAM:

This case is before us on an appeal by the United States pursuant to Article 62, Uniform Code of Military Justice, 10 U.S.C. § 862. Appellee was charged with a single specification of wrongfully committing indecent acts with a child. The military judge granted the defense motion to dismiss this charge on the basis that the Government failed to bring the case to a speedy disposition. We find that the military judge erred as a matter of law and reverse.

The appellee was sentenced to confinement as a result of an earlier general court-martial conviction. Approximately one month after he began to serve this sentence, an allegation was brought to the attention of authorities that the appellee had molested his daughter (this information was unknown to anyone but the victim at the time of the first court-martial). Charges were not preferred in connection with this allegation until 462 days later. The preferral occurred four days prior to the appellee's completion of his term of confinement from the first court-martial and he was subsequently held as a pretrial confinee in connection with the current charge. The appellee was arraigned in this case eighty days after the commencement of pretrial confinement.

In his ruling on the motion to dismiss, the military judge stated, *inter alia:*

The months of government inaction following the marshalling of the evidence, combined with the preferral of charges four days before the accused's scheduled release date and notification of the charges to the accused, the day before his release date, have uniquely impacted the accused's liberty interests. And for liberty interests, I would invite counsel's attention to *Lovasco,* which I have previously cited, in *Barker v. Wingo,*—listed

in *Barker v. Wingo*, at 407 U.S. [514] 532 through 533 [sic], [92 S.Ct. 2182, 2192–2193, 33 L.Ed.2d 101] if I recall. The court also notes that after preferral of charges it took the government over two months to convene an Article 32 Hearing, and I note that from comments made by counsel and a government witness, the Article 32 Hearing was not complex. The court also notes that the charges were referred and the accused was served on 30 January 1992 and that the accused waived the five-day waiting period. The government bears the responsibility for the delay and the burden of explaining the reasons for the delay.

Record at 61–62.

■ Although the military judge sets forth the test in *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977), with respect to pre-indictment or pre-preferral delay in the early portion of his ruling, it is clear from the foregoing that his decision was based, at least in part, on a violation of the sixth amendment[1] right to a speedy trial. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), is a sixth amendment speedy trial case and the issues of delay in convening an Article 32 hearing and in referring the case to trial are also speedy trial considerations. Both parties at the appellate level concede, and we agree, that the sixth amendment right to speedy trial in this case was not violated since the appellee was arraigned eighty days after pretrial confinement began. *See* Rule for Courts–Martial 707, Manual for Courts–Martial, United States, 1984.

■ The statute of limitations is "the primary guarantee against bringing overly stale criminal charges." *United States v. Marion*, 404 U.S. 307, 322, 92 S.Ct. 455, 464, 30 L.Ed.2d 468 (citation omitted).

However, the Supreme Court in *Marion* recognized that the statute of limitations does not fully define an accused's rights with respect to pre-indictment delay and that the due process clause could require dismissal for oppressive delays. Thus, the only issue in this case is whether appellee's fifth amendment right to due process was violated by the delay in preferring the charges after the authorities became aware of the allegation of criminal misconduct. A breach of due process would only occur if the delay violates those "fundamental conceptions of justice which lie at the base of our civil and political institutions," and which define the "community's sense of fair play and decency." *Lovasco*, 431 U.S. at 790, 97 S.Ct. at 2049 (citations omitted). Failing to seek an indictment in the absence of probable cause to believe an accused is guilty does not violate the "fundamental conceptions of justice" nor is the failure to file charges immediately upon assembling the requisite evidence to prove guilt beyond a reasonable doubt a violation of due process. *Id.* at 790–796, 97 S.Ct. at 2048–2049. What is required to substantiate a due process claim is proof of actual prejudice to the accused and a consideration of the reasons for delay. *Lovasco*, 431 U.S. at 790, 97 S.Ct. at 2048.

Both parties agree that there exists a split among the federal circuit Courts of Appeal with regard to consideration of the reasons for delay. Some circuits require a showing that the delay was intentionally designed by the Government in order to obtain a tactical advantage or that it was done to harass the accused.[2] Other circuits merely require a balancing test between the actual prejudice suffered by the accused and the reasons for delay.[3] The appellant urges that we apply the first test while the appellee argues in favor of the balancing test. We need not decide which

---

1. United States Constitution.

2. *See, e.g., United States v. Cerrito*, 612 F.2d 588 (1st Cir.1979); *United States v. Rubin*, 609 F.2d 51 (2d Cir.1979), *aff'd*, 449 U.S. 424, 101 S.Ct. 698, 66 L.Ed.2d 633 (1981); *United States v. Ismaili*, 828 F.2d 153 (3d Cir.1987), *cert. denied*, 485 U.S. 935, 108 S.Ct. 1110, 99 L.Ed.2d 271 (1988).

3. *See, e.g., Howell v. Barker*, 904 F.2d 889 (4th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 590, 112 L.Ed.2d 595 (1990); *United States v. Townley*, 665 F.2d 579 (5th Cir.1982), *cert. denied*, 456 U.S. 1010, 102 S.Ct. 2305, 73 L.Ed.2d 1307 (1982); *United States v. King*, 593 F.2d 269 (7th Cir.1979).

test is the proper standard or apply either of these tests since we hold that there was no evidence that the appellee suffered actual prejudice in this case.

The form of prejudice with which the Court was concerned in *Marion* and *Lovasco* was the accused's ability to present a defense without being substantially hampered by a lapse of time. In other words did the passage of time cause evidence to be lost, memories of witness to be impaired, or loss of witnesses altogether. *Marion*, 404 U.S. at 321, 92 S.Ct. at 463. In the case at hand, the only proof of possible prejudice was that the appellee had some job interviews lined up and was prepared to return to the home of his parents and resume his life, but was unable to do so because new charges were preferred just prior to the expiration of his sentence to confinement from the first court-martial. It is this hardship to which the military judge refers when he finds that the delay "uniquely impacted the accused's liberty interests." There certainly was an imposition to the appellee under these circumstances but this imposition must be considered as it relates to a violation of appellee's sixth amendment right to a speedy trial. It had nothing to do with his ability to present a defense on the current charge. To the contrary, the evidence indicates that all of the witnesses were available to testify at trial. There was no evidence alleged to have been lost and no indication that witnesses' memories were affected. The only theory advanced by appellee at trial along these lines was that the delay prevented the defense from investigating the state of mind of the witnesses at a time near the time the offense was alleged to have occurred. There was no evidence offered as to how this hampered the defense, if at all, and we reject this theory as proof of actual prejudice in this case.

We hold that the military judge erred as a matter of law in applying both a fifth and sixth amendment test as to the delay in preferring charges and that he further erred as a matter of law in testing for prejudice in accordance with the dictates of *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) and *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). Accordingly, the appeal by the United States is granted. The ruling of the military judge is vacated and the record of trial is returned to the Judge Advocate General of the Navy for transmittal to the military judge for action not inconsistent with this opinion.

WILLEVER, Chief Judge, and STRICKLAND and ORR, Senior Judges, concur.