UNITED STATES of America, Appellee,

v.

Anthony WOODEN, Defendant–Appellant.

No. 14, Docket 93–1702.

United States Court of Appeals,
Second Circuit.

Argued April 6, 1995.

Decided July 14, 1995.

---

4

Darrell B. Fields, the Legal Aid Soc. Federal Defender Div., New York City, for defendant-appellant.

Daniel J. Fetterman, Asst. U.S. Atty., New York City (Mary Jo White, U.S. Atty. for the S.D.N.Y., Guy Petrillo, Asst. U.S. Atty., New York City, of counsel), for appellee.

Before NEWMAN, Chief Judge,
WINTER, and MAHONEY, Circuit Judges.

WINTER, Circuit Judge:

Anthony Wooden appeals from Judge Sweet's affirmance of a conviction following a three-day bench trial before Magistrate Judge Roberts. Wooden claims that the evidence was insufficient as a matter of law to support his conviction because the government failed to prove the requisite intent for "knowingly and willfully obstruct[ing] and retard[ing] the passage of the mail." 18 U.S.C. § 1701. Wooden also claims that the Magistrate Judge applied an incorrect legal standard with respect to willfulness. We affirm.

Wooden was a United States Postal Service Mail Carrier. He was assigned to the Fordham Station in the Bronx, a mail station with apparently more than its share of administrative difficulties. Indeed, the manager of the Fordham Station, one Larry Passiatore, had apparently been criticized for his management and had even directed that backlogged mail be driven around during postal inspections so that it would not be discovered. Wooden himself had a desk full of backlogged mail and often argued with his supervisors about his workload.

On February 24, 1992, Wooden became ill. He called in and told the substitute carrier about two bags of mail at a particular relay box. Upon opening one of the bags, this carrier discovered unsequenced mail—not in order of route—dating back to the previous September. Unsequenced mail is not supposed to leave the station. The bag—and another similar bag found on Wooden's route—were brought to Passiatore, who promptly called in postal inspectors.

After searching the relay boxes on Wooden's mail route, postal inspectors recovered 946 pieces of unsequenced, undelivered mail. On March 3, 1992, postal inspectors interviewed Wooden, who signed a written statement acknowledging that he did "delay" mail and that he would leave mail in relay boxes until he got around to sequencing it.

Magistrate Judge Roberts found Wooden guilty after a three-day bench trial. Wooden claimed that he had been assured by a postal inspector that the matter would be handled "administratively" and that he had previously been directed by Passiatore to take the unsequenced mail out of the station to avoid its observation by postal inspectors. Wooden also contended that his written statement consisted solely of what a postal inspector told him to write. Magistrate Judge Roberts found "the defendant's testimony at trial not credible; rather, I find defendant's statement to the Postal Inspectors credible and consistent with all of the evidence in the case."

Wooden appealed to the district court pursuant to Fed.R.Crim.P. 58(g)(2)(B) and 18 U.S.C. § 3402. Judge Sweet affirmed the

conviction. The instant appeal followed. However, both parties agreed to a remand for clarification on the issue of whether the Magistrate Judge had found Wooden guilty beyond a reasonable doubt. The district court remanded to the Magistrate Judge, who confirmed that she had found Wooden guilty beyond a reasonable doubt. Judge Sweet again affirmed, and the instant appeal was reinstated.

To prove a violation of Section 1701, the government must show beyond a reasonable doubt that a defendant willfully and knowingly obstructed or retarded the passage of the mails. *E.g., United States v. Upshaw*, 895 F.2d 109, 110 (3d Cir.1990); *United States v. Schankowski*, 782 F.2d 628, 631 (6th Cir. 1986). The main issue on this appeal is whether the evidence was sufficient to establish that Wooden had the requisite willfulness.

■ We consider the evidence in the light most favorable to the government, *United States v. Chang An–Lo*, 851 F.2d 547, 554 (2d Cir.), *cert. denied*, 488 U.S. 966, 109 S.Ct. 493, 102 L.Ed.2d 530 (1988), and defer to the credibility determinations of the trier of fact with respect to conflicts in the testimony. *See, e.g., United States v. Matthews*, 20 F.3d 538, 548 (2d Cir.1994); *United States v. Stratton*, 779 F.2d 820, 828 (2d Cir.1985), *cert. denied*, 476 U.S. 1162, 106 S.Ct. 2285, 90 L.Ed.2d 726 (1986). In addition, the issue for us is whether "*any* rational trier of fact could have found the essential elements of the charged crime beyond a reasonable doubt." *United States v. Brown*, 937 F.2d 32, 35 (2d Cir.), *cert. denied*, 502 U.S. 917, 112 S.Ct. 323, 116 L.Ed.2d 264 (1991).

■ Wooden is correct that an illegitimate or improper intent is required for a conviction under Section 1701 and that an inadvertent or negligent delay of the mail does not violate that section. *See Upshaw*, 895 F.2d at 111 ("we conclude that if there is a wilful obstruction of the passage of the mail for some illegitimate reason there is a violation of § 1701 if the delay was measurable."); *United States v. Johnson*, 620 F.2d 413 (4th Cir.1980) (retention of postcard not inadvertent or negligent); *United States v. Austin*, 492 F.Supp. 502, 503 (N.D.Ill.1980) ("As a general rule, ... any obstruction of the mails, no matter how minor, if done wilfully and with improper motives, can constitute retardation and therefor be a violation of 18 U.S.C. § 1701.").

■ The evidence amply demonstrated that Wooden intended to delay the mail. Wooden's written statement indicated that he had purposefully delayed some mail for over three months, and the Magistrate Judge disbelieved Wooden's disavowal of that statement at trial. The physical evidence also supported a finding of intent to delay. This evidence demonstrated that Wooden placed large amounts of unsequenced mail in relay boxes over an extended period of time. Given Wooden's knowledge of post office procedure, he must have known that this would delay delivery of the mail in question.

■ We also conclude that the evidence was sufficient—albeit barely—to allow the Magistrate Judge to find that Wooden's intent was improper. Wooden argues that this is a situation in which a carrier was unable to deliver mail in a timely fashion because of the impossibility of keeping up with the flow. He argues that his conduct was indistinguishable from that of an overworked carrier who piles unsequenced mail on or beside a work station at times when the quantity is more than could be delivered during working hours. If a carrier delivered mail substantially in the order in which it arrived but delivered it late because of negligence or impossibility of keeping up with the flow, there would be no showing of improper motive. Wooden, however, took unsequenced mail and stored it in relay boxes so that the stored mail was delayed for far greater periods than other mail that arrived at the Fordham station, was sequenced and was delivered. The obvious reason for storing unsequenced mail in relay boxes was to conceal the extent of the delay from his superiors. The acts of deliberate concealment thus enhanced the delay by retarding remedial measures. We believe that concealing the extent of delay is an improper motive.

Based on one sentence in the conclusion of the Magistrate Judge's opinion, Wooden contends that she applied an incorrect legal

**6**

standard. That sentence reads: "In sum, I find that at some point or points, the defendant took it upon himself to send or put mail in a relay box that he was unable or unwilling to process in a timely manner, and in so doing violated 18 U.S.C. § 1701." Wooden argues that this equated "unable" with "unwilling" and that the willfulness requirement of the statute cannot be satisfied if a postal employee was simply "unable" to perform his duties. Wooden misreads the sentence. Whether the backlog arose in the first place because Wooden was "unable"—or because he was "unwilling"—is irrelevant to the obstruction, which stemmed not from the existence of the backlog but from concealing unsequenced mail in relay boxes.

Affirmed.