UNITED STATES, Appellee,

v.

**Cheryl A. BRANOFF, Sergeant
U.S. Air Force, Appellant.**

No. 67,871.
CMR No. 28891.

U.S. Court of Military Appeals.

Argued April 6, 1993.
Decided Sept. 28, 1993.

For Appellant: *Captain David D. Jividen* (argued); *Colonel Terry J. Woodhouse* (on brief); *Colonel Jeffrey R. Owens and Major Alice M. Kottmyer.*

For Appellee: *Captain Carlos L. McDade* (argued); *Colonel Richard L. Purdon* and *Lieutenant Colonel Jeffery T. Infelise* (on brief); *Lieutenant Colonel Brenda J. Hollis.*

## Opinion of the Court

SULLIVAN, Chief Judge:

During March and May of 1990, appellant was tried by a military judge sitting alone as a general court-martial at Yokota Air Base, Japan. Contrary to her pleas, she was found guilty of two specifications each of use of methamphetamine, of use of marijuana, and of introducing controlled substances onto a military installation, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. She was sentenced to a bad-conduct discharge, confinement and forfeiture of $482.00 pay per month for 36 months, and reduction to airman basic (E1). On September 19, 1990, the convening authority approved the sentence as adjudged. On January 24, 1992, the Court of Military Review affirmed the findings of guilty but approved only so much of the sentence as provided for a bad-conduct discharge, confinement and forfeiture of $482.00 pay per month for 30 months, and reduction to E–1. 34 MJ 612.

This Court granted review on the following three issues:

### I

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED BY DENYING APPELLATE DEFENSE COUNSEL ACCESS TO SEALED DOCUMENTS PREVIOUSLY EXAMINED BY TRIAL DEFENSE COUNSEL BY RULING THAT THERE IS NO GENERAL RIGHT OF APPELLATE ACCESS TO SEALED EXHIBITS REGARDLESS OF WHETHER THERE STILL EXISTS VIABLE NATIONAL SECURITY OR SAFETY CONCERNS PROTECTED BY THE SEALING UNDER RCM 701(g)(2).

### II

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY DENYING APPELLANT'S DISCOVERY MOTION REGARDING AN AIR FORCE OFFICE OF SPECIAL INVESTIGATION (OSI) REGULATION.

### III

WHETHER THE FAILURE OF THE RECORD OF TRIAL TO CONTAIN THE OSI REGULATION REQUESTED BY THE DEFENSE DEPRIVES APPELLANT OF DUE PROCESS OF LAW.

We hold that the Court of Military Review erred in denying appellate defense counsel access to a sealed appellate exhibit attached to this record. Nevertheless, we conclude that the military judge did not abuse his discretion in denying trial defense counsel discovery of certain Office of Special Investigations (OSI) regulations. Finally, the absence of copies of these regulations in the record of trial did not violate appellant's right to due process of law.

### ISSUE I

#### Facts

Defense counsel at this court-martial requested that the military judge compel discovery of the personnel files of three OSI investigators involved in appellant's case and listed as witnesses for the prosecution. The defense had been earlier informed that this "type of information is not subject to disclosure." Trial counsel opposed this discovery motion for several reasons: First, these files were not material to the defense; second, their unauthorized disclosure would violate paragraph 11(a), AFOSI Regulation 124–30 (15 Aug.1979); third, the release of the files was "detrimental to the public interest." On motion of trial counsel, the military judge conducted an in-camera review to examine the requested files. Prior to the judge's ruling on the defense motion, trial counsel specifically acknowledged that he was not opposing the

disclosure of these files under Mil.R.Evid. 506, Manual for Courts–Martial, United States, 1984.

The judge ruled as follows:

The court finds that AFOSI Regulation 124–30 has no application to this court, trial counsel or defense counsel. By definition the first page of [that] AFOSI regulation says that this regulation applies to all AFOSI activities worldwide and sets forth AFOSI policies and procedures regarding the release of investigative information. This court does not feel bound or constrained by anything in that regulation. Unless the OSI determines through its official AFOSI/CV to assert a privilege, the court does not consider this regulation applicable to the issue at hand. Under *rule 701 the court has found that there are documents in these files, having reviewed them, that are potentially material in the sense that they provide information which might arguably go to impeachment.* The court has not yet and would reserve ruling on admissibility of any such information until such time as there was an assertion that it should be used in the court, how and so forth. And would provide an opportunity for the government to respond. However, the court feels that the trial counsel's recommendation for a compromise is with merit. Although there are no secrets in these documents, copies of orders from personnel files, it would appear to the court at least, have absolutely no probative value or be relevant and material in any way. And the court sees no reason, although, in the court's opinion if the government fails to release it, they are in violation of RCM Rule 701. The government shall permit the defense to inspect. *The court has found that such files are material to the preparation of the defense, ostensibly contain information which would be cognizable to an argument, to an impeachment issue, or to credibility of a witness.* Therefore, it appears to the court, the government is under an obligation to allow the defense to view the documents. Having read them myself the court sees that it shouldn't take an inordinate amount of time for defense to peruse the documents and to determine whether or not there's anything of potential use in this case.

TC: Your Honor, may I ask just for clarification then, are you giving a blanket release on the documents? Or, ordering the government to release them?

MJ: Well, I'm sort of thinking out loud, counsel, and hoping the government will do what the UCMJ requires. But if it does not, yes, I'm prepared to do so.

TC: Okay, sir. Then I need another recess, Your Honor, when you get to that point, right before you're about to do that.

MJ: All right. The court will, if we reach the point to where the court feels it must compel discovery and order release, I will apply the principles of rule 506. Although I will consider, and have not yet made up my mind, I will consider ordering the government to release the entire documents. But I will also consider complying with some of the procedures of rule 506 in that if the government feels it necessary, consider whether or not to issue an order to not disclose, and that sort of thing, to defense once they view this information, if they do, precautions and so forth. I'm prepared to rule and so at trial counsel's request we will take a recess.

\* \* \*

MJ: That's where it came from, counsel, or I wouldn't have put it on the record. Has defense had time to review the documents provided by the government at last?

CIV DC: Yes, we have, Your Honor. And there are two documents that we'd like to have marked as appellate exhibits. And based on our review of the documents, we are now aware that we have not received complete discovery in this case. And that there's a whole series of documents out there that we were not notified of their existence. And apparently the OSI and trial counsel have been

of the position that they were not relevant but I think on their face they are. We're prepared to call a witness, if we need to, to lay a foundation as to their relevancy. With your permission, I'll show the trial counsel the two documents in question and ask that they be marked as appellate exhibits.

MJ: Are these documents from the packages of files that you received this morning?

CIV DC: Yes, sir.

MJ: All right. *And for the record, that entire package of files should be copied and attached to the record as an appellate exhibit and sealed.* And the court reporter will see that that is done.

(Emphasis added.)

Appellate defense counsel before the Court of Military Review moved to unseal Appellate Exhibit XCVI of the record of trial or dismiss the charges against appellant. He asserted that the judge denied the defense's discovery request and argued that the access to the exhibit was needed to permit effective assistance of counsel for the review of the discovery issue. Appellate government counsel opposed the motion and asserted that the court could decide this issue on its own. Moreover, only if error was found, should the documents be disclosed to both sides on the question of remedy. Panel No. 1 of that court then issued an order on December 17, 1990, for review of the following specified issue:

Under what circumstances may appellate counsel have access to exhibits sealed under RCM 701(g)(2)?

On April 16, 1991, that same panel noted that the judge had in fact *"granted"* the defense discovery request, and the trial counsel elected to *disclose* the documents"; thus it ruled that there was "no discovery issue to be reviewed on appeal." (Record reference omitted.)

## ISSUES II AND III

### Facts

Appellant at trial requested discovery of *two* AFOSI regulations as part of his continuing request for discovery. The first

[AFOSI Reg. 124–9 (no date provided)] generally concerned OSI policy concerning sources and was requested by defense to assist it in "understanding ... source dossier[s]" which had been earlier turned over to it by trial counsel. It was also asserted that this regulation would provide "understanding of the ... different methods used by OSI agents to motivate and manage witnesses." The defense based its request on out-of-court representations made by a Lieutenant Colonel Owens and Agent Clark.

Trial counsel opposed this request to disclose this classified document and indicated that he wanted to call Mr. Clark. Mr. Clark testified that access to the regulation was not needed to understand the source dossiers *and that a different regulation covered interrogation and interviews applied to subjects and witnesses.* This regulation was never identified by number or date. Defense counsel then made a proffer that Mr. Nagel would testify that the first set of regulations would provide guidance "on motivating sources."

Defense counsel then argued for compelled discovery of both regulations, as follows:

TC: Yes, sir. And what more does the defense need from any regulation that has to do with understanding those source dossiers?

MJ: I don't know.

TC: I don't either, Your Honor, so I don't see the relevance of the regulation.

MJ: Defense, do you have a response?

CIV DC: Yes, sir. Sir, omissions are as important as affirmative statements. And we would suggest that if we know what the general guidelines are, we can tell if the general guidelines were followed. And, sir, based on the information that we have not received, this has extended applicability beyond the suppression motion into the very merits of this case. And we would suggest, sir, again we had offered to postpone proceeding concerning Richter's

possible testimony until after the suppression motion, but now that we've seen the documents, we're aware that this information may be relevant on the suppression motion as well as on the merits. And we would suggest that discovery should occur at the beginning of the trial, not half way through the trial. And we ask that these documents, that these regs be provided. We'll take a look at them, see if they provide information that will be helpful. If not, we'll move on. But it's our belief, sir, that we've provided concrete examples of guidelines that should have been followed—should be followed by Agent Clark. *And also the interrogation and interview will provide guidelines that may actually apply to my client and the way that the interview was conducted on my client.* And I take responsibility, sir, for not having asked for that before. And I plead innocent for not knowing about its existence. But I hope that my client won't suffer for that omission.

MJ: Well, counsel, the court finds that AFOSI Regulation 124–9 is not relevant to this case, either the discovery motion or the suppression motion or the merits. And denies defense request to compel discovery of AFOSI Regulation 124–9. Court will enter some essential findings and they are: That there is an AFOSI Regulation 124–9 that, in its present state, contains two volumes, volume one which is unclassified and volume two which is classified. That there was previously an AFOSI Regulation 124–9 which was classified in its entirety. Court finds that the new regulation has separated the classified and unclassified portion. *Court finds that there is a portion of the first volume,* the unclassified portion of the new regulation, *which is a chapter containing approximately seven pages, pages 33 through 40, which outlines techniques and procedures for agents to follow in the management of sources. And the*

*court finds that those techniques and whether or not they were followed is not relevant to the issue at hand.* If defense has evidence that the accused's constitutional rights were violated during the interview in question as regards the confession, then the court will entertain such evidence. But there will be no further inquiry as to whether or not there are procedures that were not followed by the OSI agents. The court finds it not relevant.

CIV DC: *Sir, does that ruling extend to the interview and interrogation regulations as well?*

MJ: *Yes, the same findings, same ruling.*

CIV DC: Your Honor?

MJ: Yes.

CIV DC: Would you entertain an offer of proof as to potential relevance of the interview and interrogation regulations?

MJ: Certainly.

CIV DC: Your Honor, the regulations exist both in terms to comply with the law. And the law exists to ensure that Sergeant Branoff and every other suspect is interviewed in conformance with constitutional requirements. *Sir, we would suggest that a violation of those procedures may indicate that there may be a problem with the interrogation that rises to the issue of voluntariness of the confession.* And having out—If they outline those certain procedures, and those procedures are violated, and they do have a bearing, then we would suggest that they might be admissible at trial. And to be able to look at them and inspect them would be the first step in ensuring that they have been complied with.

MJ: I understand. Thank you for your position, counsel. Trial counsel?

TC: Your Honor, there are may books on the market on proper training techniques, proper interrogation techniques, proper interview techniques. The OSI may have some interviewing

techniques and interrogation techniques. This issue in this trial is whether the accused's constitutional rights under the due process of law, the Fifth Amendment, and her Article 31 and Miranda/Tempia Rights were violated. And the court doesn't need to see regulations on interrogation techniques to know whether those were violated or not. And therefore we stand with our position that those are not relevant and do not become relevant in the constitutional format of this case.

MJ: And the court so finds that they are not relevant. And the defense motion to compel discovery is denied. May we proceed?

(Emphasis added.)

## I

The first granted issue questions the ruling of the Court of Military Review barring appellate defense counsel from examining an appellate exhibit sealed by the trial judge in this case. This exhibit was attached to the record of trial. It contained the personnel files of three OSI agents who investigated the charges against appellant and two of these agents also testified against him. The order to seal was issued by the judge after he permitted defense counsel to inspect these files and use portions of them in the preparation of appellant's defense.

At the outset we note that appellant based his trial claim for discovery of these files on RCM 701, Manual, *supra.* Moreover, the military judge granted the defense request for discovery, citing this same Manual provision. Nevertheless, trial counsel requested, and the military judge ordered, certain restrictions on discovery as permitted by this same rule of procedure. *See generally Morgan v. United States Department of Justice,* 923 F.2d 195, 197 n.2 (D.C.Cir.1991).

In this regard, RCM 701(g) states:

(g) *Regulation of discovery.*

(1) *Time, place, and manner.* The *military judge may,* consistent with this rule, specify the time, place, and manner of making discovery and *may prescribe such terms and conditions as are just.*

(2) *Protective and modifying orders. Upon a sufficient showing the military judge may at any time* order *that the discovery or inspection be denied, restricted, or deferred, or make such other order as is appropriate.* Upon motion by a party, the military judge may permit the party to make such showing, in whole or in part, in writing to be inspected only by the military judge. If the military judge grants relief after such an ex parte showing, the entire text of the party's statement shall be sealed and attached to the record of trial as an appellate exhibit. Such material may be examined by reviewing authorities in closed proceedings for the purpose of reviewing the determination of the military judge.

(Emphasis added.) We conclude that the military judge's decision to seal these files after compelled discovery and attach them to the record of trial was an "appropriate" order justified by the record in this case. *See generally United States v. Roberts,* 793 F.2d 580, 588 (4th Cir.1986).

Nevertheless, we also hold that the request for appellate disclosure of the sealed exhibit was improperly denied by the Court of Military Review for several reasons. *First,* the military judge's order to seal this exhibit was issued after appellant and his trial defense counsel had been permitted to examine these files for possible use in her defense. Since disclosure to the defense had already occurred, a subsequent order prohibiting additional disclosure to another member of that same defense team cannot realistically be considered proliferation.

*Second,* the military judge ordered the files sealed as an appellate exhibit and did not expressly state that appellate defense counsel was to be barred from inspecting it. In these circumstances a reasonable construction of his undelineated general sealing order is required which is consistent with the discovery previously allowed. Thus, we conclude that the judge intended

that the files would not be part of the public record of the court-martial but that they could be examined by the defense during the appellate process to the same extent permitted at the trial level. See *Morgan v. U.S. Dept. of Justice, supra* at 197 n.2.

*Finally,* disclosure of the files was necessary to permit intelligent review of defense counsel's performance in this case. The credibility of the government agents who took appellant's confession and arranged for the testimony of her coaccuseds against her was a material issue in this case, to which appellant was entitled to effective assistance of counsel. *See generally Pennsylvania v. Ritchie,* 480 U.S. 39, 60, 107 S.Ct. 989, 1002, 94 L.Ed.2d 40 (1987).

In sum, the military judge granted appellant's discovery request at trial concerning the personnel files of the three OSI investigators. Thus, she cannot now complain that such a ruling in her favor and at her request somehow prejudiced her in terms of her discovery rights. However, access to these files by appellate counsel is still necessary so as to permit assessment of the subsequent performance of trial defense counsel with respect to the information in those files. Whether counsel erred in pursuing some matters in these files but not pursuing others is standard Sixth Amendment fare to which appellant is entitled to effective appellate review. *See generally United States v. Stephenson,* 33 MJ 79 (CMA 1991); *United States v. Scott,* 24 MJ 186 (CMA 1987).

## II

■ Appellant also raises an issue concerning the military judge's refusal to order defense discovery of AFOSI Regulation 124-9 (version in effect at time of appellant's investigation by AFOSI). She bases her argument on *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and RCM 701(a)(2)(A). Government witnesses testified that this regulation and its successor provide guidelines on how to manage AFOSI sources, how to maintain a

source dossier, how to account for funds, and how to record information from sources. Evidence was also admitted that this regulation in the past had been classified but, at the time of trial, consisted of two volumes, one classified and one not.

Appellate counsel has asserted that the requested OSI regulation was material for several reasons:

These include: the fact the regulation would be helpful in understanding the source dossier which he was granted access to; to learn if anything that appears in the source dossiers was omitted; to learn what might have been omitted by the prosecution in fulfilling the defense discovery requests because "omissions are as important as affirmative statements," R. 147; in order to determine if there is any evidence to aide the defense argument with regard to the voluntariness of the appellant's alleged confession; and to interject reasonable doubt into the testimony of the informants, upon which the prosecution's case depended, by trying to determine if there were any restrictions on making promises to informants (sources). R. 120–150. . . .

Final Brief at 22 (footnote omitted).

We hold that the military judge did not abuse his discretion in denying the defense discovery requests for AFOSI Regulation 124-9 and the other undelineated regulation. *See generally United States v. Leiker,* 37 MJ 418 (CMA 1993); *cf. United States v. Austin,* 492 F.Supp. 502, 506 (N.D.Ill.E.D.1980). The averred grounds of materiality, considered separately or together, on their face do not justify disclosure of the regulations under *Brady v. Maryland, supra,* or RCM 701. In this regard we initially note appellant's "omission" theory. If the matter appears in the dossier as posited by defense counsel, it logically could not have been omitted from it regardless of what the regulations provide. Moreover, to our knowledge the requested regulations were not cited by the Government as a basis for denying discov-

ery of other evidence to the defense in this case.

Appellant's second basis for asserting the materiality of these regulations is that they might provide some evidence that appellant's confession was involuntary. However, appellant has provided no legal authority for asserting that a violation of these regulations renders a confession involuntary, unreliable, or inadmissible. *See United States v. Mitchell,* 778 F.2d 1271, 1276–77 (7th Cir.1985). The facts surrounding appellant's confession were readily discoverable and evidenced at this trial.*

The third averred ground of materiality is that the regulations might establish some basis for attacking the credibility of the government witnesses against him who were coaccused. Regardless of the nature of OSI restrictions on promises to an informant, no authority has been presented that testimony from a source so motivated is involuntary, unreliable, or inadmissible. In this case, the facts of inducement were well established, and the additional circumstance that such an inducement might have violated OSI regulations would have added little to the question of the government witnesses' credibility. *Cf. United States v. McCoy,* 31 MJ 323, 328 (CMA 1990).

Finally, evidence that the regulations were not needed to understand the source dossiers was before the judge, and there is no appellate assertion that counsel had any problem understanding the source dossiers. Accordingly, we conclude no error occurred in the judge's decision denying discovery of these regulations.

### III

■ The final question in this case is whether failure of the trial judge to order that the above regulations be attached as part of the record of trial denied appellant due process of law. Appellant grounds this claim on a broad reading of *United*

*States v. Hardy,* 375 U.S. 277, 288, 84 S.Ct. 424, 431, 11 L.Ed.2d 331 (1964) (Goldberg, J., concurring); Art. 70, UCMJ, 10 USC § 870; and RCM 1103. Appellant asserts that an incomplete record of trial abrogates her right to effective assistance of appellate counsel. In particular she argues that her appellate counsel has no basis to assess the correctness of the judge's denial of her trial motion for discovery of the above noted regulations. *See United States v. Baker,* 28 MJ 121 (CMA 1989). We disagree.

Copies of these regulations were not admitted as exhibits in this case (*see* Mil. R.Evid. 1002 and 1003), and judicial notice was not taken (Mil.R.Evid. 201A). Moreover, although the military judge denied their discovery, he did not examine them or attach them for later review by appellate authorities. *See* RCM 1103(b)(3)(B). *Cf.* RCM 913(c)(2), Discussion. Equally important, however, is the fact that defense counsel at trial neither requested that these regulations be made appellate exhibits—sealed or unsealed (*see* RCM 701(g)(2))—nor objected to their exclusion from the authenticated record of trial (*see* RCM 1104(d)). Finally, as indicated in Section II of this opinion, an adequate factual basis for denying the motion to discover these regulations exists in this record. *Cf. United States v. Kooistra,* 796 F.2d 1390 (11th Cir.1986). *See United States v. Austin,* 492 F.Supp. at 506 n. 6. In these circumstances we find no error.

The decision of the United States Air Force Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for remand to that court which shall grant access to the protected files and shall further review the record after allowing appellate defense counsel to raise any legal issues pertaining to those files.

Judges COX, CRAWFORD, GIERKE, and WISS concur.

---

* Appellant argued that her confession was induced by the speeches of her first sergeant, who concluded that "honesty was the best policy," and by OSI agents, who intonated that any cooperation would be reported to appellant's com-

mander. This issue was litigated at considerable length at trial and was appealed to the court below which upheld the validity of the confession. 34 MJ 612, 615–17. We did not grant review of this issue.