UNITED STATES, Appellee

v.

Larry CHARLES, Staff Sergeant
U.S. Air Force, Appellant.

No. 93–1112.
CMR No. 29252.

U.S. Court of Military Appeals.

Argued June 1, 1994.

Decided Sept. 20, 1994.

For Appellant: *Captain Robert E. Watson* (argued); *Colonel Jay L. Cohen* (on brief); *Lieutenant Colonel Frank J. Spinner* and *Captain David D. Jividen.*

For Appellee: *Major John H. Kongable* (argued); *Colonel Jeffery T. Infelise* (on brief).

*Opinion of the Court*

SULLIVAN, Chief Judge:

On February 27–28 and March 1–2, 1991, appellant was tried by a general court-martial composed of officers at Davis–Monthan Air Force Base, Arizona. Contrary to his pleas, he was convicted of wrongful use of cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. He was sentenced to a bad-conduct discharge, 6 months' confinement, and reduction to E–1. The sentence was approved by the convening authority on April 16, 1991. On April 13, 1993, the Court of Military Review affirmed the findings and sentence in a lengthy unpublished opinion.

On September 17, 1993, this Court granted review on the following issue:

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED WHEN THEY AFFIRMED THE FINDINGS OF GUILTY IN THIS CASE DESPITE THE FAILURE OF APPELLANT'S RECORD OF TRIAL TO CONTAIN THE SEALED PERSONNEL

RECORDS OF *ONE OF THE MAIN GOVERNMENT POLICE WITNESSES* AGAINST APPELLANT REVIEWED BY THE MILITARY JUDGE AT TRIAL AND ORDERED BY HIM TO ACCOMPANY THE ORIGINAL RECORD OF TRIAL; AND THE ADMITTED FAILURE OF THE COURT OF REVIEW TO REVIEW THE SAME.

(Emphasis added).[1] We hold that this record should be remanded to the Court of Military Review to secure affidavits from the military judge and trial counsel concerning the contents of the lost appellate exhibit. *See United States v. Craig*, 28 MJ 321, 325 (CMA 1989). *Cf. United States v. Branoff*, 38 MJ 98, 105 (CMA 1993).

Two civilian police officers testified at appellant's court-martial that they observed Staff Sergeant (SSgt) Charles smoking cocaine from a homemade pipe on October 6, 1990. The police officers further stated that they arrested him for possession of crack cocaine and found one piece of crack cocaine on the driver's seat of the car and another piece on the ground below the driver's side door. They finally testified that appellant, after being advised of his rights, *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), admitted ownership of the cocaine and that he smoked about half of the amount which he had purchased earlier. Other evidence was admitted at this court-martial that appellant subsequently took a

urinalysis test and the results were positive for cocaine. Unpub. op. at 2.

At trial, defense counsel made an oral motion to compel disclosure of possible impeachment information in trial counsel's possession regarding the two arresting officers. During argument on the motion, trial counsel stated that the defense counsel, prior to trial, had asked to examine the training and personnel records of these two state police officers. He stated that he denied the request as being too "broad," but he later secured the requested state police records and examined them. *Cf. United States v. Dominguez–Villa*, 954 F.2d 562 (9th Cir.1992). He then said that he "became aware of certain records concerning one of the peace officers reflecting reports to their internal investigation division." He noted that he still concluded these records were not relevant to impeachment in appellant's case and so informed the defense. He then noted that he asked the military judge for *in camera* review to determine materiality. The military judge, in denying the motion to disclose, stated that he had earlier seen the documents and that they did not contain material that could be used "to impeach the witness." He then denied the defense motion to compel discovery of those documents.

The denied discovery materials were later made an appellate exhibit in this case by the military judge. This was in accordance with RCM 701(g)(2), Manual for Courts–Martial, United States, 1984.[2] *See also* Fed. R.Crim.P. 16(d)(1).[3] The military judge also

---

1. In its final brief, appellate defense counsel expands the granted issue to include trial defense counsel's motion to compel discovery of "some records of complaints against the two police officers." Final Brief at 16.

2. This Rule states:

   (2)*Protective and modifying orders.* Upon a sufficient showing the military judge may at any time order that the discovery or inspection be denied, restricted, or deferred, or make such other order as is appropriate. Upon motion by a party, the military judge may permit the party to make such showing, in whole or in part, in writing to be inspected only by the military judge. If the military judge grants relief after such an ex parte showing, the entire text of the party's statement shall be sealed and attached to the record of trial as an appellate exhibit. Such material may be examined by

reviewing authorities in closed proceedings for the purpose of reviewing the determination of the military judge.

3. This Rules states:

   (d) **Regulation of Discovery.**

   (1) **Protective and Modifying Orders.** Upon a sufficient showing the court may at any time order that the discovery or inspection be denied, restricted, or deferred, or make such other order as is appropriate. Upon motion by a party, the court may permit the party to make such showing, in whole or in part, in the form of a written statement to be inspected by the judge alone. If the court enters an order granting relief following such an ex parte showing, the entire text of the party's statement shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal.

directed that this exhibit be sealed and that it be attached to the original record of trial. Finally, he ordered that a certificate be prepared for all copies of this record noting that this appellate exhibit "was withdrawn from all copies of the Record of Trial but can be found with the original."

The assistant trial counsel, however, did not comply with this direction but, instead, inexplicably inserted her own note in the record of trial. It said:

### CERTIFICATE REGARDING WITHDRAWN SENSITIVE INFORMATION

This certificate replaces Appellate Exhibit XXII which has been withdrawn from copies of the record of trial pursuant to the military judge's directions. The original Appellate Exhibit XXII may be inspected in the Office of the Judge Advocate General under such conditions prescribed by HQ USAF/JAJM.

s/
JANE L. HARLESS, Capt, USAF
Assistant Trial Counsel

Now this Appellate Exhibit cannot be located by the Government.

— — —

The granted issue in this case asks whether the Court of Military Review erred by affirming appellant's conviction based on a record which is missing a sealed appellate exhibit. In this regard, we initially note that

Article 66(c), UCMJ, 10 USC § 866(c), states that the Court of Military Review "may affirm only such findings of guilty ... as it ... determines, on the basis of the *entire* record, should be approved...." (Emphasis added.) Article 54(c)(1), UCMJ, 10 USC § 854(C)(1), further states that "[a] *complete* record of the proceedings and testimony shall be prepared ... in each general court-martial case in which the sentence adjudged includes ... a discharge...." (Emphasis added.) *See also* Art. 19, UCMJ, 10 USC § 819, and RCM 1103(b)(2)(B).

The Court of Military Review rejected appellate government counsel's concession that the lost appellate exhibit was "a substantial and prejudicial omission from the record of trial. Unpub. op. at 8 n. 11. Instead, it affirmed appellant's conviction because it concluded that he suffered no prejudice from omission of this exhibit. *See United States v. McCullah,* 11 MJ 234 (CMA 1981). In particular, it concluded that the absence of this exhibit did not deny appellant his right to "appellate review of the denial of his discovery of the missing exhibit," unpub. op. at 10–11, under RCM 701(a)(2)(A) and (a)(6).[4] We disagree, at least on the basis of the record presently before us.

As a starting point, we note that the Court of Military Review measured prejudice from the lost exhibit in terms of that court's ability to review two distinct but nonetheless related appellate issues. *See United States v. Soto–Alvarez,* 958 F.2d 473, 477 (1st Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 221, 121 L.Ed.2d 159 (1992). One issue was whether

---

4. **Rule 701. Discovery**

(a) *Disclosure by the trial counsel.* Except as otherwise provided in subsections (f) and (g)(2) of this rule, the trial counsel shall provide the following information or matters to the defense—

\* \* \*

(2) *Documents, tangible objects, reports.* After service of charges, upon request of the defense, the Government shall permit the defense to inspect:
(A) Any books, papers, documents, photographs, tangible objects, buildings, or places, or copies or portions thereof, which are within the possession, custody, or control of military authorities, and which are material

to the preparation of the defense or are intended for use by the trial counsel as evidence in the prosecution case-in-chief at trial, or were obtained from or belong to the accused; and

\* \* \*

(6) *Evidence favorable to the defense.* The trial counsel shall, as soon as practicable, disclose to the defense the existence of evidence known to the trial counsel which reasonably tends to:
(A) Negate the guilt of the accused of an offense charged;
(B) Reduce the degree of guilt of the accused of an offense charged; or
(C) Reduce the punishment.

appellant was denied his right to discover *prior to trial* documents *"material to the preparation of the defense"* as provided in RCM 701(a)(2)(A). Unpub. op. at 10 (emphasis added). *See also* Fed.R.Crim.P. 16(a)(1)(C);[5] *United States v. Lloyd,* 992 F.2d 348, 351 (D.C.Cir.1993). The second issue was whether appellant was denied his right to *production at trial of evidence material to the defense* as required by *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and RCM 701(a)(6).[6] Unpub. op. at 8–10. *See Pennsylvania v. Ritchie,* 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987). Without examining the undisclosed record, the Court of Military Review basically "assumed error" in the judge's rulings denying these records to the defense. Unpub. op. at 10. It concluded, however, that their limited impeaching value, in view of other evidence in this case, dictated a finding of harmlessness beyond a reasonable doubt. *Id.*

■ The first question we must decide is whether appellant had the right to appeal a judge's decision denying the requested records under RCM 701(a)(2)(A) because they were not "material to the preparation of the defense...." Clearly, trial counsel can make a motion to the judge asking him to deny discovery of requested documents under this rule. *See* RCM 701(g)(2). Moreover, defense counsel can make a motion to compel discovery of such documents under this same rule. *See* RCM 905(b)(4). Thus, like other pretrial motions, a judge's decision on pretrial discovery is reviewable by appellate authorities. *See generally* C. Wright, *Federal Practice and Procedure: Criminal 2d* § 261 at 126–27 (1982).

■ Of course, defense counsel is not entitled to see the requested documents for purposes of submitting these motions or appealing decisions by the judge. *Cf. United States*

*v. Branoff, supra.* Instead, RCM 701(g)(2) provides that the undisclosed materials are to be considered in camera by the judge and attached to the record for consideration by the appellate courts. The initial question before the appellate courts is whether the judge abused his discretion in denying the discovery request. *Wright, supra* at 126. *See United States v. Branoff,* 38 MJ at 104. The same procedure and standard applies for review of pretrial discovery rulings under Fed.R.Crim.P. 16. *United States v. Butt,* 955 F.2d 77, 84–85 (1st Cir.1992); *United States v. Grey Bear,* 883 F.2d 1382, 1393 (8th Cir.1989), *cert. denied,* 493 U.S. 1047, 110 S.Ct. 846, 107 L.Ed.2d 840 (1990); *United States v. Sterling,* 742 F.2d 521 (9th Cir. 1984), *cert. denied,* 471 U.S. 1099, 105 S.Ct. 2322, 85 L.Ed.2d 840 (1985); *United States v. Ross,* 511 F.2d 757, 762 (5th Cir.), *cert. denied,* 423 U.S. 836, 96 S.Ct. 62, 46 L.Ed.2d 54 (1975). An additional question for the appellate courts is whether any erroneous denial of discovery prejudiced the accused. *See United States v. Simmons,* 38 MJ 376, 382 (CMA 1993).

■ The second question we must decide is whether appellant had the right to appeal a judge's decision that he was not denied *Brady* materials. *See* RCM 701(a)(6). Where the defense can make some showing as to the exculpatory nature of the requested materials, the Supreme Court in *Pennsylvania v. Ritchie,* 480 U.S. at 60, 107 S.Ct. 1002–03, has required a trial judge's decision on such request. Moreover, a *de novo* approach is taken by appellate courts in reviewing the trial judge's determination whether the requested documents were material to guilt or punishment, and favorable to the defense. *United States v. Price,* 13 F.3d 711, 722 (3d Cir.), *cert. denied,* ___ U.S. ___, 114 S.Ct. 2754, 129 L.Ed.2d 871 (1994); *United States v. Clark,* 988 F.2d

**5.** This Rule states:
   **(C) Documents and Tangible Objects.** Upon request of the defendant the government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

**6.** There is no Federal Rule of Criminal Procedure similar to RCM 701(a)(6). *But see* C. Wright, *Federal Practice and Procedure: Criminal 2d* § 254 at 79 (1982).

1459, 1467 (6th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 105, 126 L.Ed.2d 71 (1993); *United States v. Kennedy,* 890 F.2d 1056 (9th Cir.1989), *cert. denied,* 494 U.S. 1008, 110 S.Ct. 1308, 108 L.Ed.2d 484 (1990); *United States v. Starusko,* 729 F.2d 256 (3d Cir. 1984). *Cf. United States v. Brumel–Alvarez,* 991 F.2d 1452, 1456 (9th Cir.1992). Finally, the Supreme Court has directed that any error under *Brady* be tested to see if it was harmless beyond a reasonable doubt. *Pennsylvania v. Ritchie,* 480 U.S. at 58, 107 S.Ct. at 1002; *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *see United States v. Hart,* 29 MJ 407 (CMA 1990).

■ As noted above, the Court of Military Review assumed error by the judge in the denial of appellant's motion for discovery and for the production of *Brady* evidence. In other words, since that court was unable to examine the missing documents, it assumed that the judge abused his discretion in determining that sought-after discovery was not "material to the preparation of the defense." It also assumed that such documents were "material to the defense" in the sense of *Brady v. Maryland, supra. See Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972). Nevertheless, without examining the undisclosed evidence, it found that these errors were harmless beyond a reasonable doubt.

We agree with the Court of Military Review that a harmless-error analysis is appropriate for both types of error assumed above. *See United States v. Simmons, supra,* and *United States v. Branoff, supra* at 105. In particular, we note that the Supreme Court has expressly sanctioned a harmless-error analysis for resolving *Brady* claims on appeal. *See Pennsylvania v. Ritchie,* 480 U.S. at 58, 107 S.Ct. at 1002.

Nevertheless, we disagree with the Court of Military Review that this case may presently be resolved on this basis. In this regard, we note the analysis of the court below regarding the effect of its conclusion "that

the undisclosed documents were not probative of ... innocence." Judge James went on to say:

> But that is not enough. Even if the defense had been able to use the documents to impeach the credibility of one of the policemen, "we do not believe that a reasonable probability exists that the undisclosed evidence would have affected the findings in this case." *United States v. Hart,* 29 MJ 407, 411 (CMA 1990). The other evidence against Sergeant Charles was overwhelming. In addition to a positive urinalysis, *two* policemen testified. They both saw Sergeant Charles hold a homemade pipe to his face. They both saw matches or a lighter flicker inside his car. They both saw the crack cocaine that was found in or near his car. They both heard him admit that he had smoked crack cocaine. We are confident beyond a reasonable doubt, *see Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), *that the evidence of the positive urinalysis and the testimony of only one of the policemen would have resulted in the same findings.* Accordingly, we find the assumed error in denying discovery to be harmless beyond a reasonable doubt. *See Hart,* 29 MJ at 410; *U.S. v. Branoff,* 34 MJ 612, 620 (AFCMR 1992).
>
> As we noted above, Sergeant Charles might also have been entitled to the discovery of the documents under RCM 701(a)(2)(A) if they were material to the preparation of the defense. We again assume error and test for prejudice. *See* Article 59(a), UCMJ, 10 USC § 859(a) (1988). For the reasons stated above, we find any error to have been harmless.

Unpub. op. at 10 (emphasis added).

The explicit assumption of the Court of Military Review in this holding of harmless error is that the denied personnel records applied to only one police officer.[7] Indeed this conclusion is justified to some extent by the various statements of the trial partici-

---

7. The Court of Military Review, in its opinion, stated, "The parties established that the requested documents consisted of internal investigation reports of complaints against one of the policeman." Unpub. op. at 7.

pants in the record of trial. However, the military judge's own statement for the record in this case, attached at the end of the record of trial, raises a serious doubt in our mind on this critical point.

The military judge attached a memorandum for record explaining how the sealed appellate exhibit should be treated post-trial. This memorandum, entitled "Inspection of Material by Military Judge Pursuant to RCM 701(g)(2)—*United States v. Charles*," states

1. The government requested that I inspect *documents relating to complaints against two Tuscon [sic] Police officers who were witnesses against SSgt Charles.* The documents were part of materials sought by the defense in discovery which the government did not want to release because of their sensitive nature. I conducted an *In–Camera* inspection pursuant to the above-cited rule. I denied the defense's motion to compel. (Record of Trial pp. 30–34) I neglected to mark the materials as an Appellate Exhibit on the record. I have examined the materials provided with the record of trial and conclude that these are the same materials I previously inspected. I have marked them as Appellate Exhibit XXII and so changed the list of exhibits. This sealed exhibit consisting of a total of 52 pages should accompany the original record of trial.

2. Using RCM 1104(D) and AFR 111–1, paragraph 14–7 as a guide, a certificate should be prepared noting that Appellate Exhibit XXII was withdrawn from all copies of the Record of Trial, but can be found with the original.

s/

WILLARD L. POPE JR., Lt Col, USAF
Military Judge

(Emphasis added.) Clearly the military judge recognized that the documents which he inspected "relat[ed] to complaints against *two* Tuscon [sic] Police officers who were witnesses against SSgt Charles."

In these circumstances we cannot approve the harmless-error rationale of the Court of Military Review. As noted above, the testimony of the police officers was absolutely critical in this case in that they purportedly observed appellant's crime, secured his purported confession, and seized evidence of contraband at the scene of the crime. If only one police officer's personnel records were contained in the missing exhibit, then the unimpeached testimony of the second officer in this case might still provide overwhelming evidence of appellant's guilt. However, if both officers were the subjects of the denied discovery evidence, the same conclusion would not be warranted. Accordingly, a remand to the Court of Military Review is appropriate to clarify the military judge's finding as to the scope of the materials which he reviewed in the lost appellate exhibit.

The decision of the United States Air Force Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for return to the Court of Military Review. It shall then order affidavits from the military judge and trial counsel reconstructing the lost exhibit, if possible, and clarifying the ambiguity created by the judge's memorandum for the record. The Court of Military Review will then reconsider this case in light of our opinion.

Judges COX, CRAWFORD, GIERKE, and WISS concur.