**UNITED STATES, Appellee,**

v.

**Specialist Sheldon L. RIVERS, 106–68–6049, United States Army, Appellant.**

**ARMY 9401059.**

U.S. Army Court of Criminal Appeals.

5 Dec. 1996.

For Appellant: Captain Mark I. Goodman, JA (argued); Lieutenant Colonel John T. Rucker, JA (on brief); Major J. Frank Burnette, JA.

For Appellee: Captain John M. Bergen, JA (argued); Colonel John M. Smith, JA; Lieutenant Colonel Eva M. Novak, JA; Captain John W. O'Brien, JA (on brief); Captain Virginia G. Beakes, JA.

Before EDWARDS, GONZALES, and CARROLL, Appellate Military Judges.

OPINION OF THE COURT

EDWARDS, Senior Judge:

Appellant was tried before a general court-martial composed of officer and enlisted

* Senior Judge Richard W. Cairns took final action in this case prior to his reassignment.

members. Contrary to his pleas he was found guilty of wrongfully distributing cocaine (two specifications) in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (1988) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for eighteen months, forfeiture of $300.00 pay per month for six months, and reduction to Private E1.

This case is before us for automatic review pursuant to Article 66, UCMJ. We have considered the record of trial, the assignments of error, the government's response thereto, those matters personally raised by the appellant, and the oral argument. Among the errors raised, the appellant asserts that he "was denied adequate appellate review because the military judge ordered part of the record of trial sealed and [this court] refused to allow appellate counsel access to sealed portions of the record." We disagree and affirm.

At trial the military judge denied the appellant access to information relating to the activities of a confidential informant, EW, regarding suspects in criminal investigations that the judge found unrelated to appellant's case. The government claimed that the information was irrelevant and privileged under Military Rule of Evidence 506 [hereinafter Mil.R.Evid.]. The government asserted the "public interest" privilege under Mil. R.Evid. 506 because it feared that disclosure of the information would place the lives of EW and members of his family at serious risk. The military judge specifically ruled that the information was not relevant and that, even if marginally relevant, its probative value was substantially outweighed by its potential for undue prejudice, confusion, and waste of time. He also expressed doubts about its helpfulness to the defense:

[G]iven that [EW's] general activities as a registered source or confidential informant for the CID [Criminal Investigation Command] have been[,] other than this withheld material, largely detailed in Defense Exhibit M for Identification, I find that the [withheld] matters ... are not contrary to any of that information nor provide impeachment that is not otherwise available.

The military judge found that the government's desire to withhold the information was a valid privilege under Mil.R.Evid. 506.[1] He also found that the government had shown that disclosure could reasonably be expected to cause some damage to the public interest and that the defense had failed to demonstrate a specific need for the information.[2] Accordingly, the military judge ordered that the information be sealed and attached to the record. He also instructed that the document could only be unsealed by a general court-martial convening authority with jurisdiction over the appellant or an appellate court.[3]

During the course of further discovery hearings before the trial on the merits began, EW revealed the names of two individuals with whom he had contact as a CID informant: C and M. The military judge's previous order had protected these names from disclosure. After EW revealed the names, the trial counsel complied with the military judge's order to fully disclose to the defense any documents from those sealed that related to C and M.

On 27 October 1995, appellate defense counsel moved that this court unseal the document and allow appellate counsel to review the contents. On 7 November 1995, we denied the appellant's motion to unseal. On 23 September 1996, in the ordinary course of appellate review, this court, in closed session, unsealed and carefully examined the sealed

---

1. When the military judge asked defense counsel if he challenged the government's basis for asserting the privilege in this case, defense counsel replied that he did not.

2. When asked by the military judge why disclosure of the information was relevant or would be helpful to the defense, the defense counsel replied that the information could impact on EW's

credibility and could relate to the possibility of an entrapment defense. Interestingly, the defense was alibi, not entrapment. We find nothing in the military judge's ruling that caused the defense to abandon a "possible entrapment defense."

3. The sealed document is Prosecution Exhibit 1 for identification.

documents.[4]  The sealed documents consisted of two copies of CID Agent Activity Summary Sheets and three sworn statements given by EW to CID, dated 5 October 1993, 4 November 1993, and 11 November 1993, respectively.  We find, as did the military judge, that the sealed documents are unrelated to the appellant's case.

We further find that the inaccessibility of the sealed documents did not adversely impact on the appellant's rights.[5]  In this case, the disclosure of the sealed documents to appellate defense counsel is not required because the documents are not material to the defense.  *See Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (defense entitled to exculpatory evidence when it is material to guilt or punishment).  Further, the military judge had a valid basis to seal the documents and appellate defense counsel have presented no compelling reason to unseal.[6]  Finally, the *in camera* procedures followed by the military judge and this court in reviewing the relevance and materiality of those matters sealed adequately protected the appellant's rights.  *See Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987) (permissible for judge in a criminal trial to determine relevance and materiality of sensitive documents requested by the defense *in camera* without disclosing contents of documents to the defense counsel or the defendant).  In our opinion, *Ritchie* also allows an appellate court to deny appellate defense counsel and the appellant access to documents that were sealed in a like manner.  Moreover, appellant's reliance on *United States v. Branoff*, 38 M.J. 98 (C.M.A. 1993), is misplaced under the clearly distinguishable facts of this case.

Our review of the sealed documents revealed nothing relevant or material to the defense.  Accordingly, we hold that the appellant has not been deprived of adequate appellate review.

We agree with the appellant that the convening authority's action, the promulgating order, and the staff judge advocate's recommendation all fail to reflect that the military judge ordered six days' confinement credit on the appellant's sentence to confinement.  We are satisfied that the appellant, nevertheless, received six days' credit at the Fort Knox Regional Corrections Facility.

We have reviewed the remaining errors and those raised personally by the appellant and find them to be without merit.  The findings of guilty and the sentence are affirmed.

Judge GONZALES and Judge CARROLL concur.

---

4.  We unsealed the document as part of our Article 66, UCMJ, duty to ensure that the military judge did not abuse his discretion and to verify that the document's contents were not relevant or material to the defense.

5.  At the time of appellant's court-martial in 1994, Mil.R.Evid. 506(i)(4)(A) required that the accused be given a "generic description" of the privileged information.  The appellant received such a description in this case.  In 1995, Mil.R.Evid. 506 was amended to provide that "the Government shall disclose government information for which

a claim of privilege has been made to the accused for the limited purpose of litigating, *in camera*, the admissibility of the information at trial[,]" subject to an appropriate protective order.  Mil.R.Evid. 506(i)(4)(B).

6.  In fact, on appeal, as at trial, the "reason" for unsealing given by appellant and his counsel appears to be curiosity.  This curiosity is understandable, but it does not justify our disturbing a correct decision by the military judge.