UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, and GIFFORD
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist KAWATHA C. GETER
 United States Army, Appellant

 ARMY 20061061

 7th Army Joint Multinational Training Command
 Michael J. Nelson and James L. Pohl, Military Judges

For Appellant: Captain Alison L. Gregoire, JA; Frank J. Spinner, Esquire
(on brief).

For Appellee: Colonel Norman F.J. Allen III, JA; Lieutenant Colonel Martha
L. Foss, JA; Major Sara M. Root, JA; Captain Sarah J. Rykowski (on brief).

 23 February 2010

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------
Per Curiam:

 In appellant’s brief on the merits, appellant asserts that an abuse
of discretion standard applies to Assignment of Error II. Appellant
alleges the military judge abused his discretion when he determined the
government’s failure to turn over certain material required by United
States v. Brady v. Maryland, 373 U.S. 83 (1963) was harmless beyond a
reasonable doubt. The government’s reply brief, in contrast, initially
asserts the proper standard is de novo review while later referring to
“abuse of discretion” in the brief. This Court applied a de novo standard
of review in our assessment of Assignment of Error II. See United States
v. Charles, 40 M.J. 414, 417 (C.M.A. 1994).

 We have considered those matters personally raised by appellant
pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982). These
are attached to appellant’s brief in the form of an unsworn, unsigned
affidavit raising six matters including, inter alia, an allegation that
trial defense counsel provided ineffective assistance. In the absence of a
properly sworn statement, we must decide this issue only upon those facts
contained in the record of trial. See generally United States v.
Gunderman, 67 M.J. 683 (Army Ct. Crim. App. 2009) (declining to consider
the contents of an unsigned, unsworn affidavit as “extrinsic facts”).
Based upon this we find no merit in those issues raised in the unsigned
affidavit.

 On consideration of the entire record, including those issues
personally specified by the appellant, we hold the findings of guilty and
the sentence as approved by the convening authority correct in law and
fact. Accordingly, those findings of guilty and the sentence are AFFIRMED.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court