PER CURIAM.
Appellant challenges his first degree murder conviction on several grounds. We affirm, and find it necessary to address only one of the issues raised.
Appellant was convicted of murdering Rebecca Powell, who disappeared on April 29, 1984, and whose body was never found. The evidence at trial, viewed in the light most favorable to the state, reveals that appellant and several men were seen in the company of Powell at a tavern in Escambia County on the night she disappeared, and although local police questioned appellant and the others, including the state’s chief witness, Claude Wilkins, about Powell, no substantial evidence as to Powell’s whereabouts was forthcoming. The FBI had also been involved in the investigation, but closed their ease some time in 1985. Blood matching Powell’s type was found in Wilkins’ residence in August 1984. However, it was -not until December 1989 that police were told by Wilkins that Powell had been murdered by the appellant at Wilkins’ residence on the night she disappeared. After obtaining Wilkins’ statement incriminating appellant, the state sought and obtained an indictment against appellant in June 1990.
Appellant sought to dismiss the indictment on the ground that the six year delay between the commission of the offense and presentment of the indictment was prejudicial to his defense. During this six year span, several people died who, according to appellant, could have aided his defense.
The trial court concluded after receiving argument of counsel that the appellant did not suffer any actual prejudice as a result of the delay. In so finding, the trial court concluded that the now-deceased witnesses would, at best, only corroborate what appellant had already stated at trial.[1] The trial court also found that there was no intentional maneuvering on the part of the state so as to cause a delay in bringing the indictment. Appellant now challenges the denial of the motion to dismiss the indictment.
In Scott v. State, 581 So.2d 887 (Fla.1991), the supreme court reiterated the legal principles applicable to a claim of prejudicial delay in the filing of an indictment. Quoting U.S. v. Townley, 665 F.2d 579 (5th Cir.), cert. denied, 456 U.S. 1010, 102 S.Ct. 2305, 73 L.Ed.2d 1307 (1982), the supreme court noted that the reasons for delay as well as the prejudice resulting from the delay are to be considered, and the burden is on the accused to first establish “actual prejudice.” Once “actual prejudice” is shown, then a trial court is “to engage ‘in a sensitive balancing of the government's need for an investigative delay ... against the prejudice asserted by the defendant.’ ” Scott, 581 So.2d at 891. The supreme court emphasized in Scott that the “particular reasons [for delay] are to be weighed against the particular prejudice suffered on a case-by-case basis.” Id., quoting, U.S. v. King, 593 F.2d 269, 272 n. 3 (7th Cir.1979).
There is no doubt that appellant faced a difficult burden establishing “actual prejudice” given the fact that his witnesses were *799 deceased by the time of trial.[2] Obviously, appellant did not have the opportunity to proffer the actual testimony of these witnesses which allegedly would have supported appellant’s claim that Wilkins was the actual offender, and that the appellant was not at the scene of the offense at the time Wilkins testified the murder was committed.[3] We are of the view, contrary to the ruling of the trial judge, that appellant marginally met the threshold showing of prejudice. However, also under consideration is the cause or causes of the delay, and we have no difficulty in affirming the denial of the motion to dismiss when the alleged prejudice is balanced against the state’s need for investigative delay.[4] As noted by the trial court, there is simply no basis in the record for concluding that the delay on the part of the state could have or should have been avoided. It appears, rather, that the case was simply a difficult one for the police and prosecutors to resolve.
We find no merit in the remaining issues raised by appellant. Accordingly, appellant’s conviction is AFFIRMED.
SMITH, KAHN and LAWRENCE, JJ., concur.

. It should be noted that the trial court postponed ruling on the motion to dismiss until after the trial. Appellant does not take issue with post-trial consideration of the motion.

. Appellant has argued on appeal that he has suffered a prejudice also by the fact that the six year delay prevents the chief witness, Wilkins, from being charged as an accessory because the statute of limitations has run on that offense. This specific argument was not made below, and so it is not cognizable on appeal.

. It is noted that appellant in his testimony before the jury admitted being present at the bar on the night of the victim's disappearance, and that he was later present at Wilkins' residence, where blood and a bullet hole in the wall were eventually found. Appellant denied any recollection of having seen the victim, Powell, but did claim to have heard Wilkins in an argument with an unknown female, although he further testified that he left the premises sometime thereafter, and that no shot was fired and no other evidence of a crime was observed by him.

.It is noted also that according to evidence ■ produced at trial, the appellant, prior to any charges being made against him concerning Powell's death, did not disclose to investigating officers facts pertinent to the case which might well have speeded up the prosecution.