# Third District Court of Appeal

## State of Florida

Opinion filed May 15, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2478
Lower Tribunal No. 12-12385
_____

**The State of Florida,**
Appellant,

vs.

**Stanford Ellis,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Alberto Milian, Judge.

Ashley Moody, Attorney General, and Marlon J. Weiss and Michael W. Mervine, Assistant Attorneys General, for appellant.

Eugene F. Zenobi, Criminal Conflict and Civil Regional Counsel, Third Region and Kristen Kawass, Assistant Regional Counsel, for appellee.

Before EMAS, C.J., and SALTER, J., and LEBAN, Senior Judge.

PER CURIAM.

The State of Florida appeals an order granting postconviction relief[1] to Stanford Ellis ("Ellis") following an evidentiary hearing. We affirm the order, finding competent, substantial evidence in the record establishing Ellis's trial counsel's ineffectiveness for failing to file a pretrial motion to dismiss based upon pre-arrest delay, and upon counsel's constitutionally deficient pretrial investigation.

The trial court's closely reasoned 34 page order describes a one-witness case in which Ellis was convicted of two counts of misdemeanor battery and one count of false imprisonment, all as lesser-included offenses of aggravated battery on a pregnant victim, domestic battery by strangulation, and kidnapping. There was no physical or testimonial evidence presented at trial to corroborate the alleged victim's version of what occurred.

The alleged criminal incidents occurred May 13, 2011. The alleged victim made a report to the Miami-Dade Police Department two days later, but Ellis was not arrested until a year later. The victim's report and later testimony disclosed numerous material inconsistencies and differing accounts of the alleged criminal incidents.

At trial in November 2012, the jury convicted Ellis on all three lesser included offenses rather than the charged offenses. The conviction and sentence

---

[1] The defendant in the underlying criminal case, Ellis, had served his sentences and was at liberty when the order was entered.

were affirmed in a citation per curiam opinion in August 2014; <u>Ellis v. State</u>, 145 So. 3d 216 (Mem.) (Fla. 3d DCA 2014).

Ellis filed the subject postconviction motion in July 2015 (and a pro se amendment shortly after that). The trial court appointed the Office of Criminal Conflict and Civil Regional Counsel to represent Ellis. Appointed counsel filed two amendments to the postconviction motion, ultimately asserting six claims, and the matter was set for an evidentiary hearing.

The trial court heard the testimony of two of the public defenders for Ellis; a bank employee with knowledge of the surveillance video system operated by the bank where, according to the victim's trial testimony, Ellis compelled her to attempt to withdraw funds; a motel manager for the motel where the alleged criminal incidents occurred; and the defendant.

The trial court granted the postconviction motion based on three claims of ineffective assistance: (1) defense counsel's inability to investigate the bank branch and drug store surveillance video that might have corroborated or disproven the alleged victim's account of the incidents, and failure to file a motion to dismiss based upon the prejudice resulting from the prearrest delay (loss of prospectively-exculpatory video recordings); (2) the duty to investigate the crime scene (and in this case, the motel's check-in records for the dates in question); and (3) counsel's

failure to impeach the victim and failure to investigate an alibi. The State's appeal followed.

Analysis

On appeal from the order granting Ellis's postconviction claims of ineffective assistance by defense counsel, we apply a mixed standard of review. We defer to the trial court's factual findings based on competent, substantial evidence in the underlying case and in the evidentiary hearing on the postconviction motion. See Hoskins v. State, 75 So. 3d 250, 253-54 (Fla. 2011). The trial court's conclusions of law are reviewed de novo. See id. at 254.

The standard for prevailing on these claims is established in Strickland v. Washington, 486 U.S. 668 (1984). Ellis had the initial burden to identify specific acts or omissions demonstrating that defense counsel's performance was unreasonable under prevailing professional norms. See Hoskins, 75 So. 3d at 253-54. Defense counsel's performance before and during trial must be shown to have been "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.

Next, Ellis was required to prove that he was prejudiced by the deficient performance of his trial counsel. Id. To succeed under the prejudice prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A

4

reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "In assessing prejudice, courts must consider the totality of the evidence presented in postconviction, along with the evidence adduced at trial, to determine whether there is a reasonable probability that the outcome would have differed." Ciambrone v. State, 128 So. 3d 227, 230 (Fla. 2d DCA 2013).

The evidence presented during the postconviction hearing disclosed that the bank destroyed its digital surveillance video recordings after 90 days, and that the drug store did so after 30 days. Actual prejudice was demonstrated, because the recordings were potentially exculpatory[2] and the State provided no explanation for the yearlong delay between the victim's report and the filing of the case (initiating defense counsel's investigation of the alleged incidents). There is a reasonable probability that the case may have been dismissed based on that delay, the failure to secure the video recordings and motel records, and the resulting prejudice to Ellis's defense.

The motel manager's testimony established that, had defense counsel investigated the motel records, it would have shown that neither Ellis nor the victim was at the motel on the date of the criminal acts alleged to have occurred

---

[2] We reject the State's argument that Ellis's claims are merely speculative regarding what might have been shown by the bank and drug store video recordings had they been preserved. A negative inference cannot be drawn against a defendant based on the State's failure to secure evidence. See Fleming v. State, 624 So. 2d 797, 798-99 (Fla. 1st DCA 1993).

there. It was also established that defense counsel did not investigate the victim's alleged pregnancy or Ellis's alibi that he was still at the drug treatment center on the day of the alleged incidents.

Considering the effects of these lapses on Ellis's ability to impeach the credibility of the alleged victim (who was the sole witness to provide evidence against Ellis at trial), the postconviction court properly concluded that counsel's deficient performance caused prejudice and that there exists a reasonable probability the result of the proceedings would have been different had the lapses not occurred. Under the test articulated in Rodgers v. State, 511 So. 2d 526, 531 (Fla. 1987), defense counsel's failure to move for dismissal (based on the delay between the alleged commission of the crime and the defendant's arrest), amounts to a due process violation.

The trial court also correctly concluded that Ellis was entitled to relief under Lee v. State, 899 So. 2d 348 (Fla. 2d DCA 2005), an analogous case in which (a) there was no strategic reason for defense counsel's failure to investigate, and (b) the State's case rested entirely on the alleged victim's testimony.

Affirmed.