# Third District Court of Appeal

## State of Florida

Opinion filed August 18, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-738
Lower Tribunal No. F07-26257
_____

**Michael Lamar Wimes,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Zachary James, Judge.

Robert I. Barrar, P.A., and Robert I. Barrar, for appellant.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before FERNANDEZ, C.J., and HENDON and GORDO, JJ.

PER CURIAM.

Michael Lamar Wimes ("Defendant") appeals from the "Order Denying

Defendant's Motion for Rehearing of Amended Motion For Post Conviction Relief and Amended Motion for Leave to Amend Motion For Post Conviction Relief with Third and Final Supplement."  We affirm.

We conclude that the trial court correctly determined that Wimes' postconviction motion was untimely filed.  See Flowers v. State, 278 So. 3d 899, 902 (Fla. 1st DCA 2019) (holding that claims of ineffective assistance of counsel filed more than two years after the defendant's judgment and sentence became final are untimely unless they fall within an exception to the two-year deadline).  Even if timely filed, Wimes' arguments lack merit.  First, Wimes' trial counsel did not provide ineffective assistance of counsel by failing to file a pretrial motion to dismiss based upon pre-arrest delay.  Wimes was arrested shortly after a witness, who had previously refused to give a statement to the police, came forward and provided a statement implicating Wimes in the charged offense, and after a shirt found at the scene was retested and Wimes' DNA was found on the retested shirt.  Thus, the facts in this case are not factually similar to the facts in State v. Ellis, 273 So. 3d 1126 (Fla. 3d DCA 2019).  Second, Wimes' argument that trial counsel was ineffective for failing to raise a claim pursuant to Brady v. Maryland, 373 U.S. 83 (1963), also lacks merit because the claim is entirely speculative.  See Overton v. State, 976 So. 2d 536, 562 (Fla. 2007).  Accordingly, we

2

affirm the order under review.

Affirmed.